LULING OIL & MANUFACTURING COMPANY v. LANE & BODLEY COMPANY.

Decided March 14, 1908.

**1.—Corporation—Lien—Notice to Agent.**

The general rule that notice to an agent is notice to his principal can only be applied when the matter with reference to which notice is given is within the scope of the agent's authority, or has some direct connection with his agency. Notice to an agent of a corporation, with reference to a matter entirely beyond the scope of his agency, would not be notice to the corporation.

**2.—Same—Notice to Director.**

An oil company made a contract with G. to build a mill, G. to furnish all material, labor and machinery, and to deliver the mill to the company complete and free from all liens; L. & B. sold to G. the engine which he installed in the mill, reserving a lien on the same to secure a part of the purchase

money; this lien was never recorded; upon completion of the mill the company, through its proper managing officers, and without notice to them of the lien claimed by.L. & B., paid to G. the full amount due him for the construction of the mill. In a suit by L. & B. to foreclose their lien on the engine, on the issue of notice to the company of the existence of the lien, the court charged the jury, in effect, that the burden was on the defendant company to show that none of its directors or agents had knowledge of facts sufficient to put a reasonably prudent person upon notice of said lien in order to defeat a recovery by plaintiffs. Held, error. Notice to a director not connected with the transaction would not be notice to the company.

Appeal from the District Court of DeWitt County.   Tried below before Hon. James C. Wilson.

*A. B. Storey* and *P. J. Greenwood,* for appellant.—In all cases where a corporation is sought to be charged by reason of the acts of or notice to its employees, agents or directors, the question as to who are agents, or directors, when not made an issue by the pleadings in the case, are questions of law to be determined by the court, and the submission of that question to be found by the jury as an issue of fact is error. And notice to such officer, director or agent not then acting for his corporation is not binding on the corporation. Texas Banking and Ins. Co. v. Hutchings, 53 Texas, 61; Crescent Insurance Co. v. Griffin, 59 Texas, 514.

*Lackay & Lewright,* for appellee.

PLEASANTS, Chief Justice.—This suit was brought by the appellee, a private corporation, against William Gohmert and the appellant to recover upon a note for $1047, executed by said Gohmert in favor of appellee, and to foreclose a mortgage lien given to secure said note, upon a Left Hand 18 x 42 Columbus Corliss Engine. The appellant was in possession of the engine, having purchased it from William Gohmert some time prior to the institution of the suit. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff against Gohmert for the amount due upon the note and against both defendants for foreclosure of the mortgage upon the engine. Gohmert has not appealed.

The only issue raised by the pleadings and evidence is whether appellant had notice of the mortgage at the time it purchased and paid for the engine. Upon this issue the following facts are disclosed by the record:

Appellant is a corporation organized under the laws of this State and owns and operates an oil mill in the city of Luling. This mill was constructed for appellant by William Gohmert under a contract by the terms of which he was to furnish all of the labor, material and machinery necessary in the construction of said mill and to deliver the mill to appellant complete in all its parts and ready for operation and free of all liens for material and labor, for the sum of $54,850. Appellee sold the engine to Gohmert to be placed in said mill under this contract. No notice of appellee's claim for unpaid balance of purchase money was given appellant until after it had paid Gohmert the contract price for the mill, including the engine. The note exe-

cuted by Gohmert and upon which plaintiff sued contains recitals creating a lien upon the engine to secure the payment of the note. This lien was not recorded.

It was shown that appellant corporation had a board of eleven directors. G. C. Walker was one of the directors and acting vice-president during the time the mill was being constructed. The president, H. B. Holmes, was away from Luling most of the time and had very little to do with the affairs of the company. Walker was one of the active executive officers of appellant during this time. All of the payments made to Gohmert were made by Walker or by D. M. Day, who was treasurer and general manager of the company. Both of these officers testified that prior to December, 1901, Gohmert had been paid over $58,000. The larger portion of this money had been paid to Gohmert, or rather to his agent, Palmie, who had charge of the work for him; and the balance paid to parties who had given appellant notice of liens for material or machinery furnished Gohmert. They both further testified that at the time these payments were made they had no notice of appellee's lien, and did not know that appellee had sold the engine in question to Gohmert. Walker had called upon Palmie for a statement of all amounts due for material or machinery and the statement furnished by Palmie in response to this demand did not show any indebtedness to appellee. The only notice shown to have been given appellant of appellee's claim was by letter of January 20, 1902, and, as shown by the previous statements, appellant did not then owe Gohmert anything, but had largely overpaid the contract price of the mill. The president of appellant corporation did not testify in the case, nor did the secretary, nor any member of the board of directors. The foregoing statement of the evidence is sufficient to show the materiality of the error in the charge of the court hereinafter discussed, which we think requires a reversal of the judgment.

The court, after instructing the jury to find for plaintiff unless they believed from a preponderance of the evidence that the appellant was a purchaser of the engine in good faith without notice at the time of such purchase, of appellee's lien, gave the following instruction:

"By notice as used in this charge is meant, actual knowledge of the existence of the said lien at the time of the purchase of said engine, if any, or the knowledge on the part of the officers, directors or authorized agents of said defendant company of such facts, relating to the existence of such lien, at the time of such purchase, as would put reasonably prudent persons, under the same or similar circumstances, upon notice of the existence of such lien upon such engine."

This charge is complained of on the ground that it authorized the jury to find that the knowledge of any director or agent of the company of the existence of facts which would put a reasonably prudent man upon notice of appellee's lien would charge appellant with notice of such lien, without regard to whether the director or agent having such knowledge was acting for or representing the company in the transaction by which it acquired the engine. This objection to the charge must be sustained.

The court properly charged the jury that the burden was upon ap-

pellant to show that at the time it paid Gohmert for the engine it had no notice of appellee's lien, and under the charge complained of the jury were further told, in effect, that this burden could only be discharged by evidence showing that none of the directors or agents of appellant had knowledge of facts sufficient to put a reasonably prudent person upon notice of said lien. We think under the facts shown by the evidence before stated this charge was clearly erroneous.

The general rule that notice to an agent is notice to his principal can only be applied when the matter with reference to which notice is given is within the scope of the agent's authority, or has some direct connection with his agency. Corporations can only act through agents, and frequently have numerous agents whose duties are entirely separate and distinct, and it goes without saying that notice to an agent of a corporation with reference to a matter entirely beyond the scope of his agency would not be notice to the corporation.

Knowledge possessed by a director of a corporation would not be notice to the corporation unless the matter, with reference to which notice is sought to be charged, was one with which the board of directors or the director receiving such notice, dealt directly. If one of the eleven directors of appellant corporation had incidentally acquired knowledge of the fact that appellee had sold the engine to Gohmert and that only half of the purchase money therefor was paid, and that appellee held a lien on the engine for the balance, we do not think it would have been his duty to have disclosed these facts to the officers of the company who had charge of the construction of the mill and making payments to Gohmert as they became due under the contract. Unless notice of such fact was given to him officially for the purpose of notifying the appellant, such director could reasonably presume that appellee would give proper notice of his lien, either by having it recorded or by giving active notice to some general officer of the company or to the officers or agents of the company in charge of the construction of the mill. If such director, however, was present and took part in any settlement made by the board of directors with Gohmert by which he was paid any money after such director had notice of the appellee's lien, such notice might be imputed to the corporation. All we mean to hold is, that a director of a corporation is not such an officer or general agent of the corporation that the corporation should be charged as matter of law with notice of facts within the knowledge of the director, without regard to the nature of the transaction with reference to which notice is sought to be charged against the corporation, or the connection the board of directors, or the director having such notice, might have with such transaction. Texas Banking & Ins. Co. v. Hutchings, 53 Texas, 61; Congar v. Chicago & N. W., Ry. Co., 24 Wis., 157, 1 Am. Rep., 164; Farmers' Bank v. Payne, 25 Conn., 444; Westfield Bank v. Corner, 37 N. Y., 320; United States Ins. Co. v. Schriver, 3 Md. Ch., 381; National Bank v. Norton, 1 Hill (N. Y.), 572; 1 Am. & Eng. Ency. of Law, 1146; Wade on Notice, pp. 674 and 683.

The assignment of error complaining of the verdict as against the great preponderance of the evidence is not presented in such manner as to require our consideration, and would not be passed upon .in

any event as the cause will be reversed and remanded upon the error in the charge, and it would therefore be improper for this court to express any opinion upon the weight of the evidence.

None of the remaining assignments presents any material error. Because of the error in the charge above pointed out the judgment of the court below is reversed and the cause remanded and it has been so ordered.

*Reversed and remanded.*