Gulf, Colorado & Santa Fe Railway Company et al. v. C. C. Kimble.

Decided March 25, 1908.

1.—Carriers of Live Stock—Damages—Evidence—Conclusion of Witness.

In a suit against a railroad company for damages to a shipment of cattle caused by delay and rough handling, plaintiff's witnesses were allowed to testify what would have been the market value of said cattle at their destination if they had been transported with ordinary care, speed and dispatch, and within a reasonable time. Held, said testimony involved the opinion or conclusion of the witnesses as to what is ordinary care and what is reasonable time, a mixed question of law and fact, and therefore incompetent evidence.

**2.—Same—Testimony as to Condition of Cattle.**

Testimony of witnesses as to the condition of cattle upon their arrival at destination, considered, and held not an opinion, but a statement of fact as it appeared to the witnesses.

**3.—Same—Reasonable Time for Transportation—Evidence.**

A witness who has made only one trip with a shipment of cattle between two given points is not, by reason of that fact alone, qualified to give his opinion as to the usual time required for the transportation of cattle between such points.

**4.—Same—Shipping Contract—Stipulation to Feed and Water.**

A stipulation or requirement by a railroad company, in a contract for the transportation of live stock, that a request to stop its train for the purpose of feeding and watering the stock must be in writing, is unreasonable, and will not be enforced. A verbal request is sufficient.

Appeal from the District Court of Burnet County. Tried below before Hon. Clarence Martin.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for appellant. *J. W. Terry,* of counsel.—The court erred in admitting in evidence and in considering the testimony of plaintiff's witnesses, P. I. Brown, Sam Baker, Bob Crawford and Dick Curtin, to the effect that if plaintiff's cattle had been transported with ordinary care, speed and dispatch, and within a reasonable time, over defendants' lines of railroad to their destination, the market value of the steers would have been from $24 to $27 per head, for the cows from $15 to $20 per head, and of the calves from $5 to $7 per head, because said testimony involved the mere opinion or conclusion of the witnesses on what is ordinary care and what is a reasonable time—mixed questions of law and fact to be determined by the court and not by the plaintiff's witnesses. Sonnefield v. Mayton, 39 S. W., 166-168; St. Louis & S. F. R. R. Co. v. Nelson, 49 S. W., 713; De Walt v. H. E. & W. T. Ry. Co., 55 S. W., 534-537; Ft. Worth & D. C. Ry. Co. v. Thompson, 2 Texas Civ. App., 173.

It is not permissible for a witness to testify what in his opinion is or is not ordinary care, or to answer a question which involves his opinion or conclusion thereon. The issue of what is ordinary care is a mixed question of law and fact, to be determined by the court or the jury from all the facts of each particular case, and to permit a witness to give his opinion or conclusion thereon, or to answer a question which involves such opinion or conclusion is to submit the determination of the very issue of the case to the determination of the witness instead of the court or the jury. Missouri, K. & T. Ry. Co. v. Miller, 8 Texas Civ. App., 241; Bugbee Land & Cattle Co. v. Brents, 31 S. W., 695; Sonnefield v. Mayton, 39 S. W., 166-168; St. Louis & S. F. R. R. Co. v. Nelson, 49 S. W., 713; De Walt v. H. E. & W. T. Ry. Co., 55 S. W., 534-537; Ft. Worth & D. C. Ry. Co. v. Thompson, 2 Texas Civ. App., 173.

The usual and ordinary time of transporting live stock between certain places is prima facie a reasonable time, though it may be that proof might be offered of facts tending to show the usual time unreasonable. Proof, however, must always be of facts and not of con-

clusions or opinions on mixed questions of law and of fact. The question of the reasonableness of the time consumed in transporting any particular shipment is one which must be determined by court or jury from all the facts of that very shipment, and not from the opinion of witnesses, or what they have determined to be reasonable as a general rule. Pecos & N. T. Ry. Co. v. Evans-Snider-Buel Co., 93 S. W., 1026; s. c. (Sup. Ct.), 97 S. W., 466; Houston & T. C. R. R. Co. v. Schuttee, 91 S. W., 806; Texas & P. Ry. Co. v. Lee, 51 S. W., 351, 352; Evans v. Hardeman, 15 Texas, 481; Boehringer v. Richards Medicine Co., 29 S. W., 510; Cincinnati, I., St. L. & C. R. R. Co. v. Case, 122 Ind., 310; s. c., 42 Am. & Eng. R. R. Cases, 537.

The court erred in admitting and in considering said testimony and basing his judgment upon it because such action took the determination of the very issue of the case from the court and submitted it to witnesses who by said testimony decided without regard to law or the testimony of other witnesses that the cattle involved in the suit were not transported with ordinary care and diligence, that defendants were negligent in the transportation of said cattle, and that but for such negligence they would have been of the market value stated by said witnesses on arrival at Beggs. Wichita & W. R. Co. v. Kuhn, 38 Kan., 675; s. c., 17 Pac., 322; In re Opening First St., 26 N. W., 159; Insley v. Shire, 54 Kan., 793; s. c., 39 Pac., 713; s. c., 45 Am. St. Rep., 308; Hamilton v. Rich Hill Min. Co., 108 Mo., 364; s. c., 18 S. W., 977; Madden v. Mo. Pac. Ry. Co., 50 Mo. App., 666; Redman v. Haberstro, 49 Hun, 605; s. c., 1 N. Y. Supp., 561; McCarragher v. Rogers, 120 N. Y., 526; s. c., 24 N. E., 812; Hankins v. Watkins, 77 Hun, 360; s. c., 28 N. Y. Supp., 867; Tillett v. N. & W. R. Co., 118 N. C., 1031; s. c., 24 S. E., 111; Mellor v. Utica, 48 Wis., 457; s. c., 4 N. W., 655.

The court erred in permitting the plaintiff to testify that as the train carrying his shipment of live stock was approaching Purcell, in the Indian Territory, after he, the said plaintiff, had told the conductor of said train that he wanted the cattle watered and fed at Purcell, the conductor undertook to feed and water the cattle, saying that he would feed and water them; because any undertaking by the conductor to feed and water said cattle was wholly immaterial and could not be binding upon the company, it not being any part of the real or apparent duty or authority of a conductor to feed and water cattle, because, though he was in charge of the train, it could not be pretended that he was in charge of or had any authority over the stock pens at Purcell. Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 89 S. W., 968.

*Ike D. White* and *T. E. Hammond,* for appellee.—If proper hypothetical questions be asked a witness acquainted with stock generally and their value, and who saw them at point of destination in the condition they arrived there, it is not necessary for such witness to have seen or known the stock when shipped, or en route in order for him to testify to the value of such stock at destination in the condition they arrived there, and their value if properly handled. San Antonio & A. P. Ry. v. Barnett, 66 S. W., 476.

A verbal demand on the part of a shipper to be furnished with facilities for feeding and watering his stock, then in transit, and the neglect or refusal of carrier to furnish such facilities is sufficient to fix liability upon such carrier for injury to said stock on account of such neglect. Ft. Worth & D. C. Ry. Co. v. Daggett, 87 Texas, 328; Missouri, K. & T. Ry. Co. v. Clark, 79 S. W., 828; Chicago, R. I. & P. Ry. Co. v. Mitchell, 85 S. W., 286; Gulf, C. & S. F. Ry. Co. v. Dunn, 78 S. W., 1080.

RICE, ASSOCIATE JUSTICE.—This was a suit by appellee against the Houston & Texas Central Railroad Company, the Gulf, Colorado & Santa Fe Railway Company, the Atchison, Topeka & Santa Fe Railway Company, and the St. Louis & San Francisco Railway Company, to recover damages alleged to have been sustained by him, growing out of delay and rough handling of a shipment of cattle from Marble Falls and Burnet, Texas, to Beggs, in the Indian Territory, made on April 6, 1904.

The case was tried before the court without a jury, and resulted in a judgment in favor of the St. Louis & San Francisco Railway Company, and in favor of appellee against the Houston & Texas Central Railroad Company for $24; against the Gulf, Colorado & Santa Fe Railway Company for $738, and against the Atchison, Topeka & Santa Fe Railway Company for $369, which two last companies have prosecuted an appeal to this court, and by their first assignment of error urge that the court erred in admitting in evidence the testimony of several witnesses to the effect that if plaintiff's cattle had been transported with ordinary care, speed and dispatch and within a reasonable time over the defendants' lines of railway to their destination, the market value of said cattle would have been, for steers from $24 to $27 per head, for cows from $15 to $20 per head, and for calves from $5 to $7 per head, because said testimony involves the opinion or conclusion of said witnesses on what is ordinary care and what is reasonable time—mixed questions of law and fact to be determined by the court, and not by said witnesses. And the second assignment of error, in effect, urges that the findings of fact of the court based thereon, were not supported by legal evidence. These assignments raise practically the same questions, and may properly be considered together.

The questions propounded to said witnesses were as follows: "Assuming that the said cattle belonging to plaintiff were in reasonably fair and merchantable condition as to strength and flesh when they were loaded on the train at Marble Falls and Burnet, and that they were an average grade of cattle, and had been taken from pastures in which there was and had been reasonably good grass during the winter of 1903-4 and the spring of 1904, and that they were in reasonably fair condition and uninjured when loaded on the train, please state whether or not you know what would have been the reasonable market value of said cattle when they arrived at Beggs, in the Indian Territory, if they had been transported there with ordinary care, speed and dispatch and within a reasonable time over the lines of

defendant companies," to which questions said witnesses answered as above outlined in appellants' first assignment of error. In this connection there was other evidence in the record from some of these and other witnesses as to the market value of said cattle upon their arrival at Beggs in the condition described by them, and also as to their value when received by appellants for shipment. It will therefore be seen that the witnesses were allowed to state what in their opinion would have been the reasonable value of said cattle at Beggs, Indian Territory, their destination, if they had been transported within a reasonable time and with ordinary care, which would have been, in effect, to permit them to give their opinion as to a mixed question of law and fact, which is not permissible. Witnesses, where qualified by reason of their peculiar skill or knowledge, rendering them experts, as it were, have been allowed to give their opinion, based upon a hypothetical case, and such evidence is frequently necessary for the determination of an issue before the court, but they can not be allowed, as in the present instance, to express their opinion upon a mixed question of law and fact; and the admission of such evidence, under the facts of this case, was error. In an opinion handed down on March 11, 1908, the Supreme Court, in answer to a question certified from this court in the case of Houston & T. C. R. R. Co. v. Roberts, 101 Texas, 418, involving the same question as here presented, held that it was error to admit such testimony, discussing the matter at some length and in detail. (See also Sonnefield v. Mayton, 39 S. W., 166; St. Louis & S. F. Ry. Co. v. Nelson, 20 Texas Civ. App., 536; DeWalt v. H. E. & W. T. R. R. Co., 22 Texas Civ. App., 403; Ft. Worth & Denver Ry. Co. v. Thompson, 2 Texas Civ. App., 173; Pecos & N. T. Ry. Co. v. Evans-Snider-Buel Co., 93 S. W., 1026; id., 100 Texas, 190; Houston & T. C. R. R. Co. v. Schulttee, 91 S. W., 806.)

By their sixth assignment of error appellants urge that the court erred in permitting plaintiff's witnesses to testify that his cattle on arrival at their destination were "in bad condition," were "hard lookers," "in very bad shape" and were "in very hard condition," because, they contend, said testimony embodied the opinion or conclusion of the witnesses, was not descriptive of the condition of the cattle, nor the statement of a fact. We are inclined to differ with appellants in this contention, and think said testimony was admissible. The same, in our judgment, was descriptive of the condition of the cattle upon their arrival, and was not an opinion but a statement of fact, as it appeared to the witnesses.

We think that the court erred in permitting the witness Sexton to give his opinion as to what was the usual time required for a shipment of cattle to be transported from Burnet to Beggs, based on one shipment, as testified to by him, because, in our judgment one trip would not qualify him to express an opinion thereon, but before allowing said witness to testify he should have been shown to have a general knowledge upon the subject matter under investigation, and an isolated trip would not be sufficient upon which to base such opinion. We therefore sustain appellants' seventh as-

signment of error.     (Gulf, C. & S. F. Ry. Co. v. Irvine & Woods, 73 S. W., 541.)

Relative to the ninth assignment of error, we are inclined to believe that the objection therein presented as to the court's findings of fact should have been sustained, as we fail to find in the record any evidence which would authorize said finding.

By their tenth and eleventh assignments of error appellants urge that the court erred in permitting the plaintiff and his witness Sexton to testify that the plaintiff had orally requested the conductor in charge of the train which transported his cattle into Ft. Worth, to feed and water said cattle at said place, but that said request was not granted and that no facilities for feeding and watering said cattle were afforded him between Lampasas and Purcell, because the contracts under which said cattle were transported over the line of the Gulf, Colorado & Santa Fe Railway Company, stipulated and provided that any demand for a stop to feed and water said cattle, or to furnish facilities for feeding and watering, to be valid or of any effect, should be in writing, and said demand was not shown to be in writing, but was a verbal request. Said contract referred to in said assignments contained the following stipulation, among others: "The company agrees to stop cars at any of its stations for watering and feeding, where it has facilities for so doing, whenever requested to do so in writing by the owner or attendant in charge. . . ." By a subsequent section of said contract it was agreed "that the shipper will take care of, feed and water and attend to said stock while they may be in the stock yards of the company or lots awaiting shipment, and while the same is being loaded, transported, unloaded and reloaded, and to load, unload and reload the same at feeding or transfer or other points," etc. Under the law appellants were required to provide facilities for feeding and watering said stock, and to give opportunity to the shipper to thus feed and water them, when requested. We do not believe that appellants can limit their liability in this respect, by requiring that the request to do so by the shipper should be in writing; and, notwithstanding the fact that this stipulation appears in the contract, we think the same is unreasonable and should not be enforced. We therefore hold that a verbal request on the part of the shipper is sufficient, and that a failure to grant such request when made, damage being shown to have resulted therefrom, is sufficient upon which to predicate a cause of action. Therefore, we overrule these assignments. (Pecos & N. T. Ry. Co. v. Evans-Snider-Buel Co., 15 Texas Ct. Rep., 199; Ft. Worth & D. C. Ry. Co. v. Daggett, 87 Texas, 328; Missouri, K. & T. Ry. Co. v. Clark, 79 S. W., 828; Chicago, R. I. & P. Ry. Co. v. Mitchell, 85 S. W., 286; Gulf, C. & S. F. Ry. Co. v. Dunn, 78 S. W., 1080.)

By appellants' thirteenth assignment of error it is contended that the court erred in permitting the plaintiff to testify that as the train carrying his shipment of live stock was approaching Purcell, in the Indian Territory, after he had told the conductor of said train that he wanted the cattle fed and watered at Purcell, said conductor agreed and promised to feed and water said cattle, because

any statement by the conductor to the effect that he would feed and water said cattle was wholly immaterial, and could not be binding upon the company, it not being any part of the real or apparent duty or authority of a conductor to feed and water cattle, and because, though he was in charge of the train, it was not shown that he had any authority over the stock pens at Purcell. We think this evidence was admissible because it was, in effect, a notification to the company that the shipper desired to have said cattle watered and fed, and was equivalent to a request therefor; and it being the duty of the company to water and feed, when so requested, we can not see how the mere promise of the conductor to feed and water them, was hurtful to appellants. We therefore overrule this assignment.

It is urged by appellants in their fifteenth assignment of error, that the court erred in the third paragraph of its findings of fact to the effect that the defendant, the Gulf, Colorado & Santa Fe Railway Company, undertook to carry the cattle involved herein to Beggs, Indian Territory, their destination, a point beyond the terminus of said railway company, and on the line of another railway, because it appeared from the uncontroverted evidence that said company undertook to carry said cattle only to the terminus of its own line of road. It is shown by the evidence that Purcell is the terminus of said defendant's line; and it appears also from the evidence that by the contract of shipment said company limited its liability for damages to injuries occurring on its own line. We therefore think that the court erred, as suggested in this assignment, and sustain the same.

Because the judgment of the court below must be reversed so far as it concerns the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company, we refrain from the expression of any opinion upon the questions raised by the remaining assignments of error, as the same are each addressed to supposed errors of the court in rendering judgment on the ground of the insufficiency of the evidence.

There being no appeal prosecuted from this judgment by the Houston & Texas Central Railroad Company, and the same being in favor of the St. Louis & San Francisco Railway Company, the judgment as to both of these companies will be in all things affirmed; but, on account of the errors heretofore indicated, the judgment of the court below against the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company is reversed and the cause remanded.

*Affirmed in part and reversed and remanded in part.*