HOUSTON & T. C. R. CO. v. HAWKINS & NANCE et al. (No. 5334.)

(Court of Civil Appeals of Texas. Austin. April 15, 1914. Rehearing Denied May 27, 1914.)

1. EVIDENCE (§ 489*) — OPINION EVIDENCE — MIXED QUESTION OF LAW AND FACT.

In an action for injuries to cattle during a shipment, an opinion by the plaintiff as to what would have been the reasonable value of the cattle if they had been transported to the place of destination within a reasonable time and with ordinary handling involves both a question of law and fact and is inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2274; Dec. Dig. § 489.*]

2. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In an action against two connecting carriers for injuries to cattle during a shipment, evidence *held* sufficient to take to the jury the question whether the cattle had been roughly handled while being transported over the line of the first carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

3. APPEAL AND ERROR (§ 877*)—PARTIES ENTITLED TO COMPLAIN—ERROR FAVORABLE TO COPARTY.

In an action against two connecting carriers for injuries to cattle during shipment, where judgment was rendered against the second carrier, it may complain on appeal of error in giving, at the request of the first carrier, an instruction that the evidence did not warrant a finding that the cattle had been roughly handled by the first carrier.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

4. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF TESTIMONY.

In an action against connecting carriers for injuries to cattle during a shipment, a charge that there was no evidence which would warrant a finding that the cattle were roughly handled by the first carrier, where there was evidence from which that fact might have been inferred, was a charge upon the weight of testimony which is prohibited by statute.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from Hays County Court; J. R. Wilhelm, Judge.

Action by Hawkins & Nance and others against the Houston & Texas Central Railroad Company and the International & Great Northern Railway Company. Judgment for the plaintiffs against the defendant the Houston & Texas Central Railroad Company and against the plaintiffs and in favor of the International Great Northern Railway Company, and the Houston & Texas Central Railroad Company appeals. Affirmed in part, and reversed and remanded in part.

Baker, Botts, Parker & Garwood, of Houston, and W. B. Garrett, of Austin, for appellant. Will G. Barber and R. E. McKie, both of San Marcos, for appellee Hawkins and Nance. Fisher & Fisher, of Austin, and Wilson, Dabney & King, of Houston, for appellee International & G. N. Ry. Co.

KEY, C. J. Appellees Hawkins & Nance brought this suit against the Houston & Texas Central Railroad Company and the International & Great Northern Railway Company to recover damages alleged to have been sustained to a shipment of stock cattle from Waller to Kyle, Tex. There was a jury trial, which resulted in a verdict and judgment for the plaintiffs against the Houston & Texas Central Railroad Company, and that the plaintiffs take nothing as against the other defendant, and the Houston & Texas Central Railroad Company has appealed. Hawkins & Nance are not complaining of the judgment in favor of the International & Great Northern Railway Company, and that judgment will be affirmed.

[1] Holding that the other assignments do not point out reversible error, we sustain the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

fourth and seventh assignments of error and reverse the case.. The bill of exception upon which the fourth assignment is predicated shows that the trial court admitted in evidence, over appellant's objection, testimony similar to that which was held not to be admissible in this class of cases in Railway Co. v. Roberts, 101 Tex. 418, 108 S. W. 808. The bill shows that the court permitted the plaintiff Hawkins, while testifying as a witness, to give his opinion as to what would have been the value of the cattle at Kyle, the place of destination, if they had been transported "within a reasonable length of time and after ordinary and reasonable handling en route." Conceding that a witness, who has qualified himself, may express an opinion as to value, still it was decided by our Supreme Court in the Roberts Case, supra, that an opinion or conclusion similar to the one under consideration involves both a question of law and fact, and therefore is not permissible.

[2] The seventh assignment complains because the court gave a charge requested by the International & Great Northern Railway Company, instructing the jury that there was no evidence which would warrant a finding that the cattle were roughly handled while in possession of that defendant. The contract of shipment stipulated that the Houston & Texas Central Railroad Company was not to be liable for any injury or damage to the property after it was delivered to the connecting carrier, and the case was tried upon that theory, and the court so instructed the jury. There was testimony given by two witnesses who handled the shipment for the Houston & Texas Central Railroad Company, the initial carrier, to the effect that when the cattle were delivered to the other defendant at Austin, Tex., they were in good condition; and the agent of the International & Great Northern Railway Company at Austin testified that he knew of his own knowledge the condition of the cattle at the time he received them, and that, so far as could be seen, they were in good condition, with the exception of two cows, one of which had a horn knocked off and another had a diseased hind leg. He testified that both of those injuries appeared to have been caused before the time the cattle were shipped. His testimony was corroborated by the agent of the International & Great Northern Railway Company at Kyle, but the plaintiff Hawkins testified that, when he received the cattle from the International & Great Northern Railway Company at Kyle, two cows had their hips knocked down, one a horn knock-

ed off, and the balance were hooked and skinned up; that one cow had her hock knocked out of place, which he thought was done after they were unloaded at Austin; that one calf was badly trampled, and died after it got to the pasture; that, when he took the cattle from the pens at Kyle, about 50 of them were skinned up.

So it seems there was some testimony tending to show that the cattle were not injured at all when appellant delivered them to the International & Great Northern Railway Company, and other testimony tending to show that only two of them were injured at that time, while the testimony of the plaintiff Hawkins tended to show that many others were injured at the time the International & Great Northern delivered the cattle to him at Kyle. Therefore we hold that there was testimony tending to show rough handling of the cattle while in possession of the International & Great Northern Railway Company, although its employés who handled the shipment testified that there was no rough handling, etc. And, such being the case, the court erred in giving the instruction complained of.

[3] It is true that the plaintiffs are not complaining of the action of the court in giving that instruction, but their failure to complain does not preclude appellant from complaining. If the charge referred to had not been given, it may be that the jury would have found that the International & Great Northern Railway Company was liable for some of the damages, which would have resulted in diminishing the amount of damages awarded against the Houston & Texas Central Railroad Company.

[4] It is also true that the charge referred to did not instruct the jury that there was no testimony tending to show that the cattle were injured while in possession of the International & Great Northern Railway Company, but instructed them that there was no evidence which would warrant a finding to that effect. But the fact remains that the charge was upon the weight of testimony, which is prohibited by statute; and therefore, in view of the testimony pointed out above, we hold that the giving of that charge constitutes reversible error, as against appellant.

For the reasons stated, the judgment is reversed, and the cause remanded, as to appellant but affirmed as between appellees Hawkins & Nance and the International & Great Northern Railway Company.

Reversed and remanded in part, and in part affirmed.