INTERNATIONAL & G. N. RY. CO. v. HAMON et al. (No. 5403.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 3, 1915. On Motion for Rehearing, Feb. 24, 1915.)

1. EVIDENCE ☞481 — OPINION EVIDENCE — QUESTIONS OF LAW OR FACT.

In an action for damages to a shipment of cattle, a question asked a witness, as to what would have been the market value of cattle at their destination at the time they should have arrived there if they had been handled in the usual and customary manner and delivered there within the proper time and in the condition that they would have been in if handled in the usual and customary manner, care, speed, and diligence, involved a mixed question of law and fact, and should have been excluded, as the witness could give no intelligent answer without giving an opinion as to what would constitute diligence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2248–2254; Dec. Dig. ☞481.]

On Motion for Rehearing.

2. APPEAL AND ERROR ☞1173—DISPOSITION OF CAUSE—REVERSAL IN PART.

Where, in an action against the I. Company and the G. Company, in which judgment was rendered in favor of the G. Company and in favor of plaintiffs against the I. Company, neither plaintiffs nor the I. Company excepted to the judgment for the G. Company or complained thereof on appeal, the reversal of the judgment against the I. Company did not require the re- versal of the judgment in favor of the G. Company.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572, 4656; Dec. Dig. ☞1173.]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by M. A. Hamon and another against the International & Great Northern Railway Company and another. From a judgment against it, the defendant named appeals. Reversed and remanded in part, and affirmed in part on rehearing.

Wilson, Dabney & King, of Houston, and W. B. Teagarden, of San Antonio, for appellant. L. Old, L. E. Lanier, G. B. Fenley and I. H. Burney, all of Uvalde, and Baker, Botts, Parker & Garwood, of Houston, for appellee.

CARL, J.  H. A. Hamon and J. R. Ottenhouse sued the International & Great Northern Railway Company and the Galveston, Harrisburg & San Antonio Railway Company for damages to a cattle shipment made about October 4, 1913, from Henderson to Uvalde, Tex., over the defendant railways, and recovered a judgment against the International & Great Northern Railway Company for $500, from which this appeal is prosecuted.

It is charged that the agent at Henderson took charge of and superintended the loading of the cattle and crowded too many into the cars; that said cars were not properly bedded, but were muddy and filthy and so slick that the cattle could not stand, to which plaintiffs then objected, all to no avail; that the stock were handled roughly and negligently, whereby they were bruised and thrown down and trampled by others; and that they were delayed in transit. From all these acts of negligence it is alleged that a number died en route, others died as a result of the trip after arrival, while the others were damaged and depreciated in value.

The first assignment of error is that the verdict of the jury is contrary to law and against the great weight of the evidence. Forty pages of the brief are devoted to setting out practically the statement of facts, in an attempt to show: First, that the agent did not superintend and have charge of the loading; and, second, that the stock were not roughly handled nor unduly delayed.

The trial court assumed the validity of the shipping contract and charged the jury that the defendants would not be liable for overloading and crowding of the cars, unless they themselves assumed to load, and did load, the cattle. The court gave appellant six special charges covering every phase of this question requested by it, and refused none that were requested.

Appellant's theory is that Hamon overloaded the cars, over Gould's (the agent's) protest, and several witnesses agree with Gould.

---

Much testimony is in the record that the cattle were not handled roughly and were not unduly delayed; but, on the other hand, appellees, Hamon and Ottenhouse, say that Gould superintended the loading, and they were running the cattle into the chute, and Gould was to tell them when he had enough in the cars. Suffice it to say that the evidence was in sharp conflict on the point as to who supervised the loading and as to the condition of the cars, and bedding therein for the cattle. The cattle were started about 2:30 p. m., October 4, 1913, and arrived at Uvalde about 9:30 p. m. October 6th. The evidence shows that the trip should be made in about 32 hours. So it will be seen that there was a delay of about 22 hours and 30 minutes.

The jury found against appellant on the issues of negligence and damages, and an examination of the evidence discloses that there is sufficient in support of appellees' theory to preclude this court from overturning such finding. The first assignment is overruled.

[1] The second assignment is based upon the overruling of objections made to the following question:

"If these cattle had been handled in the usual and customary manner, and delivered here within the proper time, and in the condition that they would have been in, if handled in the usual and customary manner, care, speed, and diligence, what would have been the market value of these steers at Uvalde, Tex., at the time they should have arrived here?"

To which he answered as follows:

"The two year old steers would have been worth $30. In the condition that they got here in, the two year old would have been worth, I suppose, about $23. The cows would have been worth $30, and, in the condition that they got here in, they were worth $25, I guess. There was one two year old heifer dead. Her market value would have been $30. The steer yearlings would have been worth about $25. In the condition they arrived here in, they were worth about $20."

The trial court qualifies the bill of exceptions by saying that the words "usual and ordinary manner" were not used, but that instead the phrase, "the usual and customary manner," was used. And, further, that "and delivered there within the proper time and condition" was not used, but that the statement was "and delivered there in the condition that they would have been in, and at the time they would have arrived there, if handled with the usual and customary manner, care, speed and diligence."

The objection was that the witness was not qualified as an expert on the subject; that his information is hearsay with reference to values; that the answer is an opinion or conclusion of the witness; and that

it is an invasion of the province of the jury and is an opinion of the witness on a mixed question of law and fact.

There is no doubt that the evidence shows that the witness had sufficiently qualified as an expert both as to values and as to the handling and shipping of cattle, injuries thereto, and the time required to make the trip. But, under the rule as announced in the Roberts Case (H. & T. C. Ry. Co. v. Roberts, 101 Tex. 421, 108 S. W. 808), did this question call for an opinion on a mixed question of law and fact? In that case, the court held that the question called for an opinion on what would constitute ordinary care and as to what was a reasonable time for the transportation and as to what would be due diligence. In the case at bar, even if we take the question as qualified by the court, with which qualification the transcript of the testimony seems to conflict, the witness would be called upon to give an opinion as to what diligence is; for he must necessarily do so to give an intelligent answer. Turn this question as we may, we have been unable to view it from any angle as being other than squarely in conflict with the Roberts Case, supra, as well as the following cases: T. P. Ry. Co. v. Jones, 124 S. W. 195; Railway Co. v. Kimble, 49 Tex. Civ. App. 622, 109 S. W. 234; Railway Co. v. Schults, 109 S. W. 445; H. & T. C. Ry. Co. v. Hawkins, 167 S. W. 191. This question, under the above authorities, involved a mixed question of law and fact, and we sustain the assignment.

The third and fourth assignments are overruled.

The judgment is reversed, and the cause remanded for trial.

### On Motion for Rehearing.

[2] Neither the International & Great Northern Railway nor appellees excepted to the judgment in favor of the Galveston, Harrisburg & San Antonio Railway Company; nor do they on this appeal make any complaint as to the judgment rendered, in favor of the latter railway company. Therefore the judgment heretofore rendered reversing the whole case will be so modified as to affirm the judgment rendered in the trial court in favor of the Galveston, Harrisburg & San Antonio Railway Company. Otherwise, as between appellees, Hamon and Ottenhouse, and the International & Great Northern Railway Company, the judgment will stand reversed as in the original opinion.

The motion of the Galveston, Harrisburg & San Antonio Railway Company is granted, but that of the appellees Hamon and Ottenhouse is overruled.