THE ECONOMY LIGHT AND POWER COMPANY

*v.*

ANTHONY J. SHERIDAN, Admr.

*Opinion filed December 16, 1902—Rehearing denied February 4, 1903.*

1. EVIDENCE—*manner of death may be proven by circumstantial evidence.* That plaintiff's intestate came in contact with an electric light wire, and received an electrical shock which threw him from the pole he was on to the ground and caused his death, may be proven by circumstantial evidence.

· 2. SAME—*when a hypothetical question is not objectionable.* A hypothetical question is not objectionable as assuming certain facts as proven where the facts and circumstances proven are so associated with the assumed facts as to render the existence of the latter probable, and the jury are left free to determine for themselves the truth or falsity of the assumption.

*Economy Light and Power Co.* v. *Sheridan,* 103 Ill. App. 146, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. JOHN SMALL, Judge, presiding.

GARNSEY & KNOX, for appellant.

DONAHOE & MCNAUGHTON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The Appellate Court for the Second District affirmed the judgment entered in the circuit court of Will county in favor of the appellee administrator, against the appellant company, in the sum of $3000, and the appellant company has brought the cause here by a further appeal.

But two questions of law arise: First, whether the court erred in overruling the motion, entered by the appellant company at the close of all evidence, to direct the jury to return a peremptory verdict in its favor; and second, whether the court erred in overruling the objections of appellant company to a hypothetical question

propounded by counsel for the appellee. These questions require brief reference to the facts of the case.

The action was case, under the statute, to recover the damages occasioned by the death of Martin Sheridan, appellee's intestate, to his mother and brothers and sisters. On the 20th day of November, 1899, Martin Sheridan was in the employ of the Chicago Telephone Company as a lineman. The appellant company, with the consent of the Chicago Telephone Company, had strung certain of its electric light wires on cross-arms attached to the poles of the telephone company. Said deceased ascended one of such poles for the purpose of adjusting a suspension wire thereon, above the cross-arm of the appellant company. He fell from thence to the ground and was instantly killed.

The theory of the appellee administrator was that the deceased, while holding the suspension wire, which came down to the ground, came in contact with the electric light wire of the appellant company; that the electric light wire was charged with an electric current of from 1000 to 1100 volts power, and was imperfectly insulated or wholly uninsulated at the point of contact, and that the deceased received a current of electricity which caused him to fall from the pole to the ground, and that he was thereby instantly killed. The ground of the motion for a peremptory verdict was that there was no evidence "(1) that the wires of the defendant at the point on the pole where they were connected with the pin were not insulated; or (2) that the decedent came in contact with those wires; or (3) that he had hold of the suspension cable at that time."

It was proven that the shoes of the deceased were wet; that he was standing upon the cross-arm on which the electric light wire was strung, and that he held in his hand the suspension wire of the telephone company, which hung down to the ground; that the electric light wire passed around a pin in the cross-arm six or eight

inches from the pole, and that the deceased man's foot was resting on the cross-arm between the pin and the pole; that there was no insulator on the pin, and there was testimony that the electric light wire was an old wire which had been taken down and put up at various times, and was "ragged in various places along it; in some places there was insulation on the wire and in other places there was not;" that the wire was bare of insulation on each side of the cross-arm, and that it was charged with an electric current of about 1100 volts pressure; that while in this position the deceased was heard to scream as if in great pain; that "his eyes were turned up in his head;" that his features were convulsed and contorted as if in pain and great suffering, and that he fell from the pole to the ground. There was no direct proof that the deceased came in contact with the electric light wire and that he received an electrical shock which threw him from the pole to the ground, but from the facts and circumstances proven it might fairly and reasonably be inferred that such was the cause of his death. That such was the fact was susceptible of being proven by circumstantial as well as by direct testimony.

The objection to the hypothetical question was, that it assumed there was proof the deceased came in contact with the electric light wire, and that such wire, at the cross-arm, was bare and the insulation worn off. As we have seen, the facts so assumed in the hypothetical question were within the scope or range of the evidence. For the purpose of framing the hypothetical question these assumptions of facts were sufficiently proven by the proof of facts and circumstances so associated with the facts assumed as to render the existence of the assumed facts reasonable and probable. (1 Greenleaf on Evidence, sec. 13; *West Chicago Street Railway Co.* v. *Fishman,* 169 Ill. 196; 8 Ency. of Pl. & Pr. 757.) The hypothetical question left the jury entirely free to determine for themselves the truth or falsity of the facts assumed for the purpose of

framing the question, and the court did not err in permitting it to be propounded.

There is no error in the record, and the judgment is affirmed.

*Judgment affirmed.*