HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. W. H. ROBERTS
ET AL.

No. 1804.    Decided March 11, 1908.

**1.—Evidence—Opinion—Reasonable Time.**

A witness may not testify to his opinion in a matter involving his conclusion upon a mixed question of law and fact, such as what would be a reasonable time for the transportation of cattle by rail between certain points. (P. 421.)

**2.—Same.**

The opinion upon the very conclusion which the jury are to draw in reaching their verdict, which a witness possessed of special knowledge may be permitted to give, is limited to questions of pure fact; and his opinion as to what would be reasonable time for transportation is not distinguishable from one as to whether it was negligence to fail to transport in such time. (P. 421.)

**3.—Same—Cases Discussed.**

Texas & P. Ry. Co. v. Ellerd, 38 Texas Civ. App., 596, and Texas & N. O. Ry. Co. v. Walker, 43 Texas Civ. App., 278, disapproved. Chicago, R. I. & T. Ry. Co. v. Carroll, 36 Texas Civ. App., 359 and Chicago, R. I. & T. Ry. Co. v. Kapp, 37 Texas Civ. App., 203, distinguished.   (P. 422.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Llano County.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher (Baker, Botts, Parker & Garwood,* and *J. W. Terry* of counsel), for appellant.— The court erred in permitting the plaintiff, W. H. Roberts, to testify that from 32 to 36 hours was a reasonable time within which to transport a train of cattle from Llano to Fairfax when they are transported with ordinary care and diligence because said testimony was the mere opinion or conclusion of the witness on a mixed question of law and of fact. Pecos & N. T. Ry. Co. v. Evans-Snider-Buel Co., 42 Texas Civ. App., 60; s. c., 100 Texas, 190; Houston & T. C. R. R. Co. v. Schuttee, 91 S. W. Rep., 806; San Antonio & A. P. Ry. Co. v. Jackson, 38 Texas Civ. App., 201; Texas & A. P. Ry. Co. v. Lee, 21 Texas Civ. App., 175; Evans v. Hardeman, 15 Texas, 484; Boehringer v. Richards Medicine Co., 9 Texas Civ. App., 289; Cincinnati, etc., Ry. Co. v. Case, 122 Ind., 310; s. c., 42 Amer. & Eng. R. R. Cases, 537.

It is not permissible for a witness to testify what in his opinion is or is not ordinary care and diligence, or to answer a question which involves his opinion or conclusion thereon. The issue of what is ordinary care and diligence is a mixed question of law and of fact, to be determined by the court or the jury from all the facts of each particular case, and to permit a witness to give his opinion or conclusion thereon, or to answer a question which involves such opinion or conclusion is to submit the determination of the very issue of the case to the determination of the witness instead of the court or the jury. Missouri, K. & T. Ry. Co. v. Miller, 8 Texas Civ. App., 241; Bugbee Land & Cattle Co. v. Brents, 31 S. W. Rep., 695; Sonnefield v. Mayton, 39 S. W. Rep., 166-168; St. Louis & S. F. R. R. Co. v. Nelson, 20 Texas Civ.

App., 541; De Walt v. Houston E. & W. T. Ry. Co., 22 Texas Civ. App., 48; Ft. Worth & D. C. Ry. Co. v. Thompson, 2 Texas Civ. App., 173.

*McLean & Spears,* for appellee.—Duty of railroads to transport within "a reasonable time." Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 111; Gulf, C. & S. F. Ry. Co. v. Porter, 61 S. W. Rep., 345; San Antonio & A. P. Ry. Co. v. Turner, 42 Texas Civ. App., 532; Gulf, C. & S. F. Ry. Co. v. Baugh, 42 S. W. Rep., 246; St. Louis, I. M. & S. Ry. Co. v. Gunter, 39 Texas Civ. App., 129.

Proper to prove by qualified witness what was such reasonable time. Texas & N. O. Ry. Co. v. Walker, 43 Texas Civ. App., 278; Sabine & E. T. Ry. Co. v. Brousard, 69 Texas, 622, 623; Texas & P. Ry. Co. v. Ellerd, 38 Texas Civ. App., 596; Chicago R. I. & T. Ry. Co. v. Carroll, 36 Texas Civ. App., 359; International & G. N. R. R. Co. v. McGehee, 81 S. W. Rep., 805; Chicago R. I. & T. Ry. v. Kapp, 37 Texas Civ. App., 202; San Antonio & A. P. Ry. Co. v. Griffith, 70 S. W. Rep., 438, 439; Woods v. State, 75 S. W. Rep., 38, 39.

Opinion of witness, though not expert in particular science, if he state facts upon which same is based, admissible. Gulf, C. & S. F. Ry. Co. v. Hepner, 83 Texas, 140.

What is a reasonable time in which to transport cattle between two given points, is a subject of expert or opinion evidence, and where opinion evidence is admissible the witness, who is qualified, can state his opinion as to the very facts in issue. As to "reasonable time" being a proper subject of expert or opinion evidence, see authorities under preceding proposition. Witness may state opinion as to the very fact in issue. McCray v. Galveston H. & S. A. Ry. Co., 89 Texas, 173; Scalf v. Collin County, 80 Texas, 517; International & G. N. R. R. Co. v. Klaus, 64 Texas, 293; Galveston H. & H. Ry. Co. v. Bohan, 47 S. W. Rep., 1052, 1053.

The object of all testimony is to prove the very fact to be found by the jury. International & G. N. R. R. Co. v. Mills, 78 S. W. Rep., 12.

Mr. Justice Williams delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the Third District as follows:

"This was a suit by W. H. Roberts and C. E. Shults, plaintiffs in the court below against the Houston & Texas Central Railroad Company, the Gulf, Colorado & Santa Fe Railway Company, and the Atchison, Topeka & Santa Fe Railway Company, defendants in the court below, to recover damages for delay and rough handling of a shipment of about 29 carloads of cattle from Llano and Marble Falls, Texas, to Fairfax, in the Indian Territory and to Oklahoma. The case being tried before a jury there was a verdict and judgment in the trial court for appellees against all of appellants, the whole amount of which was apportioned between them.

"W. H. Roberts, one of the plaintiffs in the court below, after

having testified that he had been engaged in the cattle business about 25 years, during which time he had had experience in the shipment of cattle from Llano and vicinity into Oklahoma Territory and the vicinity of Fairfax; that he had shipped for himself this year to the Territory, and had been with several train loads for other people; that he had shipped one train of cattle from Llano to Fairfax by way of Lampasas, over the H. & T. C. Railway from Llano to Lampasas, and over the G. C. & S. F. Railway from Lampasas to Shawnee, and over the A. T. & S. F. Railway from Shawnee; that he had made four or five trips over these roads as far as Shawnee, was asked by his counsel on direct examination the following question, to wit:

"'From your own knowledge and experience as a cattleman, and from your experience in shipping cattle to the Territory and vicinity over these roads, having gone with several shipments over the roads that these cattle were shipped, what is a reasonable time within which to transport a train of cattle from Llano to Fairfax, when they are transported with ordinary care and diligence?' To which said question and any answer that might be made thereto, the defendants then and there in open court objected, on the ground that such testimony was the mere opinion of the witness on a mixed question of law and fact, and that the determination of what was a reasonable time was one for the jury to determine from all the facts. But the court overruled said objection and permitted said witness to make, and the witness did make, the following answer, to wit: 'I have had them to make it in 34 hours, and I was thoroughly satisfied anywhere from 30 to 36 hours' (would be a reasonable time to make the trip).

"In addition to the objection that the witness could not testify to what was a reasonable time within which to transport said cattle, counsel also urged that it was not permissible for the witness to testify what in his opinion is or is not ordinary care and diligence, and that what is ordinary care and diligence was likewise a mixed question of law and fact to be determined by the court or jury from all the facts of the particular case; and to permit a witness to give his opinion thereon would be to submit the determination of the very issue of the case to the witness, instead of to the court or jury. The question was properly raised by an assignment of error, was material and from the record it possibly influenced the verdict of the jury.

"In view of the conflicting opinions in this State upon the admissibility of this character of testimony, especially the cases of Texas & P. Ry. Co. v. Ellerd, 38 Texas Civ. App., 596; Texas & N. O. Ry. Co. v. Walker, 43 Texas Civ. App., 278; Chicago, R. I. & T. Ry. v. Carroll, 36 Texas Civ. App., 359; Chicago, R. I. & T. Ry. Co. v. Kapp, 37 Texas Civ. App., 203, holding that such testimony is admissible, and the following cases holding to the contrary, to wit: Pecos & N. T. Ry. Co. v. Evans-Snider-Buell Co., 42 Texas Civ. App., 60; Houston & T. C. R. R. Co. v. Schultee, 91 S. W. Rep., 806; San Antonio & A. P. Ry. Co. v. Jackson, 38 Texas Civ. App., 201; Texas & P. Ry. Co. v. Lee, 21

Texas Civ. App., 175, as well as the following on the same subject: San Antonio & A. P. Ry. Co. v. Jackson, 38 Texas Civ. App., 201; San Antonio & A. P. Ry. Co. v. Griffith, 70 S. W. Rep., 438; International & G. N. R. R. Co. v. McGehee, 81 S. W. Rep., 804; Gulf C. & S. F. Ry. Co. v. Irvine & Woods, 73 S. W. Rep., 540, we respectfully certify to your honors for decision the following question:

"Whether or not the trial court ruled correctly in admitting said testimony, under the facts above related?"

The answer is that the court erred in admitting the question and answer stated in the certificate, for the reason that the question called for and the answer gave the opinion of the witness on a mixed question of law and fact. Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 170.

In answering, if he answered intelligently, the witness must have determined for himself what would constitute ordinary care, and then have deduced, from a consideration of all the elements that would, in his opinion, enter into the question of the time reasonably necessary for the transportation in the exercise of such care, a conclusion as to what that time should be. The elements or facts which should be considered were first to be determined in part by the court in the admission and exclusion of evidence; and the conclusion to be drawn from them, as to the time reasonably required to carry the cattle to their destination with ordinary diligence, was then to be drawn by the jury by applying to the facts admitted in evidence their own judgment as to what would constitute ordinary diligence and a reasonable time. The opinion of the witness, therefore, was given, in part, upon questions of law addressed to the court and, in part, upon conclusions of fact to be drawn by the jury.

The rules upon the subject and many illustrations of them, by cases cited, may be found in 17 Cyc., 56 et seq.

The fact that the witness may have possessed greater knowledge as to the existence of the facts entering into the inquiry than the jury are supposed to have had, does not make such a conclusion as this admissible. All evidence is admitted to put the jury in possession of the facts over which they are to decide. It is sometimes the case that witnesses are permitted to state their opinions so as to involve the very conclusion the jury are to draw in giving their verdict. For instance, the question to be decided by the jury may be whether or not a person was insane, or whether or not a wound caused a death, or as to the value of property, and their decision of it may determine the entire controversy, but that does not exclude opinions of qualified witnesses upon it. Scalf v. Collin County, 81 Texas, 517. These and the like are pure questions of fact upon which opinions are admissible, and differ from such inquiries as that before us, where the ultimate conclusion to be drawn from all the facts of the case is a mixed one of law and fact as to negligence *vel non,* the facts determining which may be developed so as to enable the court and jury to decide it. Some of the facts from which the conclusion in this case was to be drawn

might doubtless have been shown by opinions of witnesses, such as distance, speed of trains, time required for particular things, etc., but not the ultimate conclusion as to negligence or ordinary care. It would scarcely be claimed that it would have been competent to ask the witness whether or not, in the particular transportation in question in this case, there had been negligent delay, or a want of ordinary diligence, or an unreasonable time consumed, all of which questions would mean substantially the same thing. But what is the difference, in principle, between that, and showing the time actually consumed and then allowing the witness to state that a greater or less time would have been the reasonable time; or to put it differently, that without negligence, or with ordinary diligence, less time would be required?

Of the cases cited only the following seem to sustain the ruling made in this: Texas & P. Ry. Co. v. Ellerd, 38 Texas Civ. App., 596; Texas & N. O. Ry. Co. v. Walker, 43 Texas Civ. App., 278. The latter, being an appeal from the County Court, of course, did not reach this court. In the former an application was made to this court for a writ of error but the holding in question was not assigned as error.

In only one of the other cases cited as sustaining the admission of such opinions (Chicago R. I. & T. Ry. Co. v. Carroll) was a writ of error applied for, and in that application, also, there was no complaint of the admission of the evidence. We remark, however, that the opinions held to be admissible in that case and in Chicago, R. I. & T. Ry. Co. v. Kapp, were upon a question different from that in this case, and we are not called upon to decide whether the holding of the Court of Civil Appeals in those cases was correct or not. None of the other cases referred to involved the same question as that now presented and we need not discuss them.