TEXAS & PACIFIC RAILWAY COMPANY v. J. D. JONES.

Decided December 4, 1909.

**1.—Carrier—Shipment of Live Stock—Negligence—Charge.**

In a suit against a railroad company for injuries to a shipment of live stock, the court charged the jury as follows: "If you believe from the evidence that plaintiff delivered said stock to defendant company as alleged in plaintiff's petition, and that said stock were damaged by defendant company as alleged in plaintiff's petition, then you will find for plaintiff." Held, error, in that it authorized a recovery by plaintiff irrespective of any question whether or not defendant was guilty of negligence causing the damage.

**2.—Same—Measure of Damage.**

A charge upon the measure of damage to a shipment of live stock considered, and held error in that it authorized a recovery against the defendant carrier for all damage to the stock irrespective of whether the damage was caused by the negligence of the defendant or that of another carrier over whose road the stock was also transported.

**3.—Same—Negligence—Question for Jury.**

Whether or not the transportation of cattle over the road of a certain carrier was made in a reasonable time, was an issue to be determined by the jury, and it was improper to permit a witness to express his opinion thereon.

Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*Wagstaff & Davidson* (*W. L. Hall,* of counsel), for appellant.

*Cunningham & Oliver,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—The Texas & Pacific Railway Company has appealed from a judgment in favor of J. D. Jones for four hundred and fifty dollars, recovered in the County Court of Taylor County in a suit for damages resulting to a shipment of twenty-nine head of horses and mules from Merkel to Fort Worth.

The trial court gave the jury the following instruction: "You are charged that if you believe from the evidence that plaintiff delivered said stock to defendant company, as alleged in plaintiff's petition, and that said stock were damaged by · defendant company, as alleged in plaintiff's petition, then you will find for plaintiff." By the first assignment of error appellant challenges the correctness of the foregoing instruction on the ground that it in effect instructs the jury that if the stock were injured in the manner alleged in plaintiff's petition, then defendant was guilty of negligence authorizing a recovery by plaintiff.

The allegations in plaintiff's petition were, in effect, that the running board, on which the animals passed from the loading pens into the car at Merkel, broke with some of the animals upon it and thus caused them to be injured; that by reason of the delays in transportation occurring at Merkel and various other places en route to Fort Worth, and rough handling of the car in which the animals were transported, the market value of the animals was greatly depreciated;

and that in failing to provide safe facilities for loading, and in failing to avoid such delays and such rough handling of the car, the defendant was guilty of negligence.

Appellee insists that by the language used in the charge above quoted, "and that said stock were damaged by defendant company as alleged in plaintiff's petition," the jury must necessarily have understood that in order for plaintiff to recover he must prove not only that the animals were damaged as alleged, but that such damage was occasioned through defendant's negligence. We can not concur in this contention. Perhaps one learned in the law would so interpret the charge, but it is entirely probable that the jury, composed of laymen, construed the instruction as meaning that a verdict should be returned in plaintiff's favor if the animals had sustained damage in the manner alleged, irrespective of any question as to whether or not defendant was guilty of negligence which was the proximate cause of such damage. Appellant's first assignment of error is therefore sustained. (Bering Mfg. Co. v. Femelat, 35 Texas Civ. App., 36, and authorities there cited.)

Appellant's second assignment of error is as follows: "The court erred in his charge to the jury as follows: 'If you should find for the plaintiff . . . you will first find from the evidence what the reasonable value of said stock in the market at Hillsboro, Texas, on the 11th day of October, 1906, would have been with only such damages as ordinarily occur in shipping stock that distance with ordinary care.'" The foregoing assignment sets out only a portion of the charge on the measure of damages. Following the portion quoted above, the court continued: "You will then find from the evidence the reasonable value of said stock in the market at Hillsboro on said date in their damaged condition, if you find they were injured or damaged in value. And if this last amount is less than the value found under the preceding subdivision 'A' of this charge you will then ascertain the difference in said amounts, and said difference, if any, will be the amount of your verdict for the plaintiff." It is doubtful whether this assignment is a sufficient predicate for the proposition urged by appellant, that the portion of the charge quoted in the assignment authorized the jury to allow plaintiff damages for all injuries to the animals occurring during the entire trip from Merkel to Hillsboro; but, as the judgment will be reversed for other errors, and in view of another trial we suggest that there was error in the charge upon the measure of damages taken as a whole. The undisputed evidence showed that the owner of the animals accompanied the shipment; that they were shipped over appellant's road from Merkel to Fort Worth, and thence to Hillsboro over the Missouri, Kansas and Texas Railway, and that they were kept in stock pens in Fort Worth a whole day awaiting shipment to Hillsboro.

Plaintiff testified in part as follows: "I have been shipping mules and horses nearly all my life, and know the effect of long delay and rough handling upon the market value of such animals. In addition to bruising and crippling them, they depreciate in weight and flesh and in appearance, their hair gets rough, and tends to make them unsalable and reduces their market value." In no event would appellant

be liable for depreciation in market value of the animals upon their arrival at destination, in excess of such as resulted from injuries occurring on its own line, but the charge upon the measure of damages above quoted allowed a recovery for any further damages occurring after the termination of the shipment over appellant's road. Texas & P. Ry. v. Vanghan, 16 Texas Civ. App., 403; Railway v. Liebold, 55 S. W., 368.

The following question was propounded to plaintiff by his counsel: "What would have been the reasonable market value at Hillsboro, Texas, of the black mare which died if she had reached Hillsboro with only such injuries as ordinarily occur after a reasonable and ordinary run from Merkel, Texas, to Hillsboro, Texas, via T. & P. Ry. and the M., K. & T. Ry. of Texas?" Defendant objected to the question upon the ground that the answer of the witness would be the expression of his opinion upon a mixed question of law and fact. The objection was overruled, and the witness was permitted to answer the question favorably to plaintiff, and this ruling is the basis of appellant's fifth assignment of error. The issue as to whether or not the run over defendant's line was a reasonable run was an issue of negligence, and the test for its determination was whether or not the same was such a run as a carrier of ordinary prudence would have made under similar circumstances. This was an issue to be determined by the jury, upon which it was improper for the witness to express an opinion, and the court erred in overruling appellant's objection to the question. Houston & T. C. Ry. v. Roberts, 101 Texas, 418; Missouri, K. & T. Ry. v. Schults, 109 S. W., 445; Galveston, H. & S. A. Ry. v. Noelke, 110 S. W., 82; Pecos & N. T. Ry. v. Evans-Snyder-Buel Co., 42 Texas Civ. App., 60; Ft. Worth & D. C. Ry. v. Thompson, 2 Texas Civ. App., 170; Sonnefield v. Mayton, 39 S. W., 167.

For the errors above indicated the judgment of the trial court is reversed and the cause is remanded for another trial.

*Reversed and remanded.*