EMMA WASCHOW, Defendant in Error, *vs.* THE KELLY COAL COMPANY, Plaintiff in Error.

*Opinion filed June 29, 1910.*

1. TRIAL—*when evidence is properly submitted to the jury.* If the evidence introduced on behalf of the plaintiff in a personal injury case, when taken as true and with all its legitimate inferences, tends to support the cause of action it should be submitted to the jury.

2. NEGLIGENCE—*manner of death may be proved by circumstantial evidence.* If there were no eye-witnesses to the accident causing the death of a person the manner of his death may be proved by circumstantial evidence.

3. SAME—*proximate cause of injury is ordinarily a question of fact.* What is the proximate cause of an injury is ordinarily a question of fact, to be determined by the jury from a consideration of all the attending circumstances.

4. SAME—*a negligent act need not be the sole cause of injury.* Where an injury proceeds from two causes operating together, the party putting in motion one of them is liable if it is an essential cause, even though it is not the last or nearest cause.

5. MINES—*contributory negligence and assumed risk are no defense to action for willful violation of Mines and Miners act.* Evidence offered for the purpose of showing contributory negligence or assumed risk by a miner is not admissible in an action based upon the defendant's' willful violation of the provisions of the Mines and Miners act, as neither contributory negligence nor assumed risk is a defense to such action.

6. APPEALS AND ERRORS—*when improper remarks of counsel can not be reviewed.* Alleged improper remarks of counsel in a discussion in the presence of the jury cannot be reviewed on appeal, where there is no ruling or action of the court upon which error can be assigned.

7. INSTRUCTIONS—*practice of referring the jury to declaration is not commendable.* The practice of referring the jury to the declaration for the issues is not commendable, but it is not reversible error to do so if each count contains all the allegations necessary for a recovery.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIM-BROUGH, Judge, presiding.

O. M. JONES, and CHARLES TROUP, (MASTIN & SHER-LOCK, of counsel,) for plaintiff in error.

KEESLAR & GUNN, and H. ERNEST HUTTON, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a suit brought by defendant in error, Emma Waschow, in the circuit court of Vermilion county, against the Kelly Coal Company, plaintiff in error, to recover damages under the Mines and Miners act for an injury resulting in the death of her husband, Herman Waschow, in said company's mine, September 26, 1907. A verdict of $3125 was returned by the jury and judgment entered thereon in favor of defendant in error. The Appellate Court affirmed this judgment, and the case has been brought here by a petition for *certiorari,* for further review.

The declaration consisted of two counts. The first alleged that Waschow was employed by plaintiff in error as a mule driver, and in the regular course of such employment it was customary for him to ride upon the front part

of the car, just back of the mule; that there was a steep decline in a certain entry in the mine from room 20 to 17, and the track was laid so close to the "rib" side of the entry, that there was no room for a driver to dismount on that side; that on the opposite or "gob" side there were large quantities of gob, stone, etc., piled so close to the track and so high that a driver had no place on that side to dismount; that a certain cross-cut had been filled up, so that a driver could not escape thereby,—all of which constituted an unsafe and dangerous condition, which had existed for several weeks and was well known to plaintiff in error; that plaintiff in error, disregarding its duty, willfully and knowingly permitted deceased to enter said mine and pass along and work in said entry when it was in said dangerous condition; that while, in the usual course of his employment, riding on a loaded coal car down said incline, deceased attempted to dismount, and because of such unsafe condition was crushed and injured so that he died, and that by the willful failure and neglect of plaintiff in error to comply with the provisions of said Mines and Miners act said Herman Waschow was killed and the defendant in error thereby deprived of her means of support, etc. The second count is substantially the same, except that it alleges that the deceased was caught and crushed between the car and the gob.

Counsel for plaintiff in error earnestly insist that there is no evidence that tends to show that the deceased was injured while attempting to dismount from the car or did attempt to dismount, and that therefore it was the duty of the court to direct a verdict for the plaintiff in error, such a motion having been made both at the close of the evidence for defendant in error and at the close of all the evidence. The evidence tended to show that at the time of the injury the deceased was driving a mule hitched to a loaded car down an incline in the plaintiff in error's mine; that just before the deceased was found injured, upon the

track, a noise was heard which indicated that the mule was running away. Waschow's death occurred a few days after the injury. The attending physician testified that he had a fracture of the pelvis about two inches to the left of the center and that a fragment penetrated the bladder; that there was no discoloration of the front part of the body; that the injury did not appear as if it had been caused by a direct blow but as if the body of the deceased had been crushed. There was a loose rock near where the injured man was found, having fresh scratches on it as if made by the nails of a boot or shoe. The evidence shows that deceased wore miner's shoes having nails in them that could have made the marks in question. There is some controversy as to the condition of the entry at or near the point where deceased was found and also as to the exact point in the entry where he was found. Plaintiff in error insists, in this connection, that from anything that appears in the record the deceased might have fallen and been run over or that the mule might have kicked him off, and that if death was so caused no recovery could be had under the allegations of the declaration. If the evidence introduced on behalf of defendant in error, when taken to be true, together with all its legitimate inferences, tends to support the cause of action, then it was properly submitted to the jury. *Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206, and authorities there cited.

Counsel for plaintiff in error further argue that the evidence does not show that the condition of the entry was the proximate cause of deceased's injury; that the proof tended to show that the mule was vicious and that it was running and kicking immediately before deceased was injured; that the viciousness of the mule was the proximate cause of the accident. We think it cannot be seriously urged that the mine was not in an unsafe and dangerous condition, substantially as alleged in the declaration. When an injury proceeds from two causes operating to-

gether, the party putting in motion one of them is liable the same as though it was the sole cause. (Bishop on Non-Contract Law, secs. 39, 450.) The negligent act or omission must be one of the essential causes producing the injury but need not be the sole cause nor the last or nearest cause. "It is sufficient if it concurs with the other cause acting at the same time, which in combination with it causes the injury." (*Seith* v. *Commonwealth Electric Co.* 241 Ill. 252, and cases cited; *American Express Co.* v. *Risley,* 179 id. 295; *Miller* v. *Kelly Coal Co.* 239 id. 626; Bishop on Non-Contract Law, sec. 455.) Furthermore, what is the proximate cause is ordinarily a question of fact, to be considered by the jury from all the attending circumstances. (*Illinois Central Railroad Co.* v. *Siler,* 229 Ill. 390; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242; Bishop on Non-Contract Law, sec. 455.) There was no eye-witness to the accident, but the manner of death may be proved by circumstantial evidence. (*Economy Light and Power Co.* v. *Sheridan,* 200 Ill. 439; *Commonwealth Electric Co.* v. *Rose,* 214 id. 545.) The character of the injury inflicted upon the deceased, which resulted in his death, indicates that it was caused by his being crushed between the moving car and the protruding rock on the side of the entry, and not by the kicking of the mule. From the facts and circumstances proven it could fairly and reasonably be inferred by the jury that the accident was caused as alleged in the declaration.

It is further insisted that the court erred in refusing to allow plaintiff in error to introduce evidence to the effect that the deceased was told by the boss driver that the mule he was driving at the time of the accident was vicious, and that Waschow replied that he could drive anything. The purpose of this offered evidence, so far as we understand the argument of counsel, was to show that the deceased either assumed the risk or was guilty of contributory negligence. It has been repeatedly held by this court

that neither assumed risk nor contributory negligence on the part of an injured person is a defense to an action based upon the mine owner's willful failure to carry out the provisions of said Mines and Miners act. *Peebles* v. *O'Gara Coal Co.* 239 Ill. 370, and cases cited.

The further contention is made that counsel for defendant in error made improper remarks in their arguments to the jury. Most of the remarks objected to were a part of a discussion by counsel for defendant in error as to the proximate cause of the injury. The alleged error is not properly preserved for review because of the failure of counsel for plaintiff in error to obtain a ruling of the trial court as to the language used in the arguments. (*McCann* v. *People,* 226 Ill. 562; *Lipsey* v. *People,* 227 id. 364; *West Chicago Street Railroad Co.* v. *Annis,* 165 id. 475; *McCarthy* v. *Spring Valley Coal Co.* 232 id. 473.) While we think the court should have made a ruling on these objections, we do not think the language complained of affected the verdict of the jury.

Lastly, it is urged that the trial court erred in instructing the jury that if defendant in error had proved her case as charged in the declaration, by a preponderance of the evidence, she was entitled to recover. The argument of counsel is, that the counts of this declaration are so long and prolix that it would be impossible for the jury, by examining it, to arrive at any conclusion as to what constituted the cause of action. They further argue that it would be necessary for the jury, if they determined from the declaration what the allegations were, to decide certain engineering questions as to the condition of said entry in the coal mine. We cannot agree with either of these contentions. The practice of referring the jury to the declaration for the issue is not commendable, but it is not necessarily reversible error to do so. (*Dickson* v. *Swift Co.* 238 Ill. 62; *Krieger* v. *Aurora, Elgin and Chicago Railroad Co.* 242 id. 544, and cases cited.) Each count contained all the

necessary allegations for recovery. On this record there was no error in giving this instruction.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*