ST. LOUIS, I. M. & S. RY. CO. v. HURST & RILEY et al.

(Court of Civil Appeals of Texas. Feb. 9, 1911. On Motion for Rehearing, March 2, 1911. Further Rehearing Denied March 16, 1911.)

1. APPEAL AND ERROR (§ 387*)—APPEAL BOND—TIME OF FILING.

The filing of the appeal bond in the time prescribed by the statute is necessary to give the appellate court jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2065; Dec. Dig. § 387.*]

2. CARRIERS (§ 218*)—SHIPPING CONTRACT—NOTICE OF CLAIM OF DAMAGES.

The provision in a contract of shipment of cattle that as a condition to recovery for injury thereto from any cause, including delay, the shipper shall give notice of claim therefor before removing them from the place of destination, does not apply to damages from loss by decline in the market, or to the expense of feed for the cattle after their delayed arrival and till the market day.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 947; Dec. Dig. § 218.*]

3. CARRIERS (§ 213*)—DELAY IN TRANSPORTATION—TEST OF LIABILITY.

The test of liability of a carrier on the question of delay in transportation of cattle is not whether the run made by it was reasonable, but whether it used reasonable care to transport in a reasonable time; and the reasonable care can be considered from all the circumstances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922; Dec. Dig. § 213.*]

Appeal from District Court, Franklin County; P. A. Turner, Judge.

Action by Hurst & Riley and others against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded for new trial.

T. B. McCormick, for appellant. Smelser & Vaughan and R. T. Wilkinson, for appellees.

LEVY, J. It appears that the appeal bond in this case was approved and filed by the district clerk on November 20, 1909. In this case court was allowed to sit two weeks by law, and must finally adjourn, as we must judicially know by the record, on October 30, 1909. The filing of the appeal bond was therefore one day too late to be within the prescribed time of the statute. The filing of

the appeal bond within the time prescribed by the statute is necessary to give jurisdiction to this court over the appeal. Railway Co. v. Whatley, 99 Tex. 128, 87 S. W. 819; Railway Co. v. Elliston, 128 S. W. 675.

The appeal was accordingly ordered dismissed.

### On Motion for Rehearing.

Appellant in its motion for rehearing has made it properly appear as a fact that the date appearing of the filing of the appeal. bond was a clerical error, and that it was actually filed within the required time, and appellees' counsel have consented to such. We therefore consider the appeal. The suit was for damages alleged to have resulted from a shipment of cattle to East St. Louis. The court held as a matter of law that the stipulation in the shipping contract in evidence was valid under the laws of Arkansas, where made, and enforceable; and by reason of such stipulation instructed the jury not to allow recovery for any injury or damage to the cattle occurring during the transportation. This was correct. See Railway Co. v. Smith (lately decided by this court) 135 S. W. 597. And the special charge was properly refused, because we think the stipulation in question does not apply to nor include damages arising from loss by decline of the market, or the reasonable expense of feed for the cattle after their delayed arrival at destination and until the market day, occurring through negligent failure to transport them within a reasonable time, if so. Reversible error is presented in allowing the witness Galt to give as his opinion "that a reasonable time to make the trip from Mt. Vernon to Texarkana was from four to six hours, and that a reasonable time from Texarkana to St. Louis was twenty-three hours." Railway Co. v. Roberts, 101 Tex. 418, 108 S. W. 808; Railway Co. v. May, 115 S. W. 901.

In view of another trial, the objection made to the court's charge is answered by intimating that the proper test of liability is not whether the run made by appellant was reasonable. The appellant's liability is to be measured by the use of reasonable care to transport in a reasonable time; and the reasonable care can be considered from all the circumstances, as charged by the court.

The judgment is ordered reversed and the case remanded for another trial. The judgment against the St. Louis Southwestern Railway Company of Texas is not disturbed, but remains.