KANSAS CITY, M. & O. RY. CO. OF TEXAS v. BIGHAM.

(Court of Civil Appeals of Texas. Ft. Worth. May 13, 1911.)

1. JURY (§ 33*)—RIGHT TO JURY—SELECTION BY JURY COMMISSIONERS.

A defendant, demanding a jury trial and paying the requisite fee, may not arbitrarily be deprived of his statutory right of trial by a jury selected by the jury commissioners and compelled to submit to a trial by a jury selected by the sheriff, in the absence of any contingencies mentioned in the statute permitting a selection of a jury by the sheriff.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 33.*]

2. TRIAL (§ 120*)—IMPROPER ARGUMENT OF COUNSEL.

Under district court rule 39 (67 S. W. xxiii), providing that arguments on the facts must be confined to the evidence, the argument of counsel that counsel for the adverse party had induced a witness to testify as he did, made in the absence of any evidence justifying it, is improper, and an objection thereto must be sustained.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 285–287; Dec. Dig. § 120.*]

3. EVIDENCE (§ 491*)—OPINION EVIDENCE—ADMISSIBILITY.

In an action for negligent delay in the transportation of live stock, a witness sufficiently informed may testify as to the length of time usually required for transportation over the specified route, but a question whether he knows what would have been a reasonable or the usual time improperly calls for an opinion on a mixed question of law and fact for the jury.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 491.*]

4. CARRIERS (§ 228*)—DELAY IN TRANSPORTATION OF LIVE STOCK—EVIDENCE.

Where, in an action for negligent delay in the transportation of live stock, a witness testified that the stock sold for their full market value at the point of destination, that one animal was so injured that it died before sale, and there was evidence that another animal was lost in transit, a recovery to the extent of the value of the two animals was justified.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 228.*]

5. TRIAL (§ 240*)—INSTRUCTIONS—ARGUMENTATIVE INSTRUCTIONS.

A charge in an action for negligent delay in the transportation of live stock that a carrier need not transport live stock in special trains when the rates fixed by law are insufficient to pay the operating expenses for such trains, and that the carrier was not bound to transport the shipment in controversy by special train, if the rate charged therefor was not sufficient to pay the expenses for such a train, was properly refused as argumentative.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 240.*]

Appeal from Nolan County Court; John J. Ford, Judge.

Action by Fred Bigham against the Kansas City, Missouri & Orient Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

H. S. Garrett, for appellant. B. A. Cox and H. C. Hughes, for appellee.

DUNKLIN, J. Fred Bigham shipped 328 head of cattle from Crowell, Tex., to Kansas City, Mo., over the Kansas City, Missouri & Orient Railway Company of Texas and its connecting carrier, the Chicago, Rock Island & Pacific Railway Company, the company first named being the initial carrier. He instituted this suit against the initial carrier for damages, basing his claim therefor upon the usual allegations of negli-

gent delay, rough handling in shipment, and consequent shrinkage in weight and unmarketable appearance of some of the cattle and the death of others. A judgment having been rendered in favor of the plaintiff, the railway company has appealed.

[1] The defendant demanded a trial of the case by a jury, and, having paid the necessary jury fee, the case was placed upon the jury docket. At that time there was a regular venire of jurors in attendance upon the court which had been duly drawn by the jury commissioners. After these jurors had been discharged by the court without appellant's consent, the case was set down for trial upon motion of the plaintiff. The defendant resisted this action upon the ground that the regular venire had been discharged, and that it was improper to require the defendant to go to trial before a jury selected by the sheriff, as the defendant would be required to do in the event the plaintiff's application should be granted. The case was then called for trial upon the day set therefor, and was tried by a jury selected by the sheriff. When called for trial, the defendant again urged his objections to a trial before a jury so selected and moved to quash the venire. For aught that appears in the record, the denial to defendant of its statutory right of a trial by a jury regularly selected by jury commissioners in accordance with statutory requirements was an arbitrary ruling, none of the contingencies in the statutes under which the court could require a trial of the case before a jury selected entirely by the sheriff being shown. Appellant's assignment of error is therefore sustained. T. & N. O. Ry. Co. v. Pullen, 33 Tex. Civ. App. 143, 75 S. W. 1084; Bedford v. Stone, 43 Tex. Civ. App. 200, 95 S. W. 1086.

[2] Frank McCoy, the cattle salesman who sold the cattle for appellee at Kansas City, testified by deposition that the cattle arrived at Kansas City in good condition; that they did not appear to be drawn nor shrunken; nor that they had lost in flesh; and that they presented a marketable appearance and sold for their full market value. His depositions were taken by the plaintiff. Counsel for the plaintiff in his closing argument to the jury made use of the following language: "Gentlemen of the jury, the truth is that this railroad's attorney got into communication with Frank McCoy since I wrote these interrogatories, and has been homologating with him, and got him to testify as he did." Appellant objected to the argument at the time on the ground that the same was inflammatory, prejudicial to the defendant, and unwarranted by the evidence, but the objection was overruled. The record fails to show any testimony which would warrant the argument and the objection made thereto should have been sustained. District court rule 39 (67 S. W. xxiii); Gal-

veston Electric Co. v. Dickey, 120 S. W. 1134; Ft. Worth Belt Ry. Co. v. Johnson, 125 S. W. 387.

[3] In order to prove that the cattle were improperly delayed in shipment, plaintiff's counsel propounded to him the following question upon that issue, "State whether or not you know what would have been the reasonable or usual time," and the witness answered: "Thirty-four hours." This question was objected to and one of the grounds for the objection was that the witness' answer "would be a conclusion and a question for the jury," and appellant has assigned error to the refusal of the court to sustain the objection. Of course, it would have been permissible for the witness to testify to the length of time usually consumed over that route if he showed himself to be sufficiently informed to testify upon that issue; but whether the time given in his answer was a reasonable time within which to transport the cattle was a mixed question of law and fact involving the issue of negligence exclusively for determination by the jury from all the facts and circumstances in evidence, and not a question upon which any witness could give an opinion. H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808; T. & P. Ry. v. Jones, 124 S. W. 194; G., H. & S. A. Ry. v. Noelke, 110 S. W. 82.

Several assignments are presented to the charge of the court upon the ground that it presented issues of negligence which had no support in the evidence. These assignments will not be considered for the reason that the testimony upon another trial may be different.

[4] One of the contentions presented, however, is that as the witness Frank McCoy testified that the cattle upon their arrival were not drawn in appearance or shrunken in weight, and that they sold for their full market value, and that as he was the only witness who saw the cattle upon their arrival, there was no evidence to support any finding for damages against the defendant. Replying to this, we will say that the same witness testified, "There was one animal that was injured to the extent that she died before being sold," and there was also testimony that another animal was lost in transit. This testimony would be sufficient to support the verdict to the extent of the value of those two animals.

[5] Appellant complains of the refusal of an instruction requested by it, in effect, that a common carrier is not required to transport live stock in special trains over its lines when the rates established by law are not sufficient to pay the operating expenses for running such a train, and that, if the rate charged by the appellant for the shipment in controversy was not sufficient to pay the expenses necessary for operating a special train, then neither of the carriers which handled the shipment was bound to furnish such a train to transport the plaintiff's cat-

tle. This instruction was argumentative, and was properly refused.

For the reasons noted above, the judgment is reversed, and the cause remanded.