TEXAS & P. RY. CO. et al. v. McINTYRE & HAMPTON.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 21, 1912. Rehearing Denied Jan. 25, 1913.)

1. EVIDENCE (§ 471*)—QUESTION CALLING FOR CONCLUSION — INJURY TO SHIPMENT OF STOCK.

In an action for injury to horses from negligent delay and rough handling in transit, a question as to what, in the witness' opinion, they would have been worth at destination on arrival, if transported within a reasonable time and without injury, was objectionable as calling for the witness' conclusion upon a mixed question of law and fact, since it necessarily included his conclusion on whether the actual time of transit was reasonable.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

2. APPEAL AND ERROR (§ 1001*)—JUDGMENT— EVIDENCE—INJURY TO SHIPMENT OF STOCK.

Where, in an action against initial and connecting carriers for injury from delay and rough handling of a shipment of horses, there was no conclusive evidence that one connecting carrier unreasonably delayed or roughly handled the shipment, judgment in such carrier's favor could not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Conner, C. J., dissenting.

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by McIntyre & Hampton against the Texas & Pacific Railway Company and others. From judgment for plaintiffs, defendants appeal. Reversed and remanded in part, and affirmed in part.

---

J. M. Wagstaff, of Abilene, for appellants. Ben L. Cox, of Abilene, and Douthit & Smith, of Sweetwater, for appellees.

DUNKLIN, J. McIntyre & Hampton shipped a car of horses from Abilene, Tex., to Philadelphia, Pa., and instituted this suit against the Texas & Pacific Railway Company, the Pennsylvania Railway Company, and the St. Louis, Iron Mountain & Southern Railway Company to recover damages for injuries to the horses occurring by reason of rough handling and negligent delay in the shipment. Judgments were rendered in plaintiff's favor against the two defendants first mentioned, who have appealed, and in favor of the defendant last mentioned.

L. D. McIntyre, one of the plaintiffs, testified as follows: "We got into the west yards at Philadelphia I believe they said said about 10 o'clock, when they cut loose there, on Wednesday night, and they never unloaded until about 3 o'clock Thursday morning. That was the second Thursday after we left here (Abilene) on Tuesday. * * * I am familiar with the effect on the market value of a horse that a delay in transportation will have on a horse and the market value of him. As to what effect a delay in transit would have on the market value of horses of this character, they just draw, the present shape they are in, and it would decrease their value. I know what effect that the rough handling of horses in transit, bumping them together in the manner I have described, would have on the market value of horses of this character. It would decrease the value of them. I stayed in Philadelphia about ten days."

[1] After so testifying, the following question and answer were admitted over objections urged by the two defendants, against whom judgment was rendered, to wit: "Q. Suppose, then, Mr. McIntyre, these horses had been shipped from Abilene, Tex., to Philadelphia, Pa., and had been transported within a reasonable time, and without injury, what would these horses have been worth in the market at Philadelphia at the time they arrived there in your opinion? A. Three thousand four hundred dollars." The grounds of the objections were that "the question did not call for the proper measure of damage and the answer did not give the proper measure of damage, and the question and answer included a mixed question of law and fact, and called for a conclusion of the witness on the question of whether or not there was negligence." Those defendants here insist that such injuries to the animals as were naturally and necessarily incident to so long a trip were included in the question and answer, and that the same should have been expressly eliminated. We are of opinion that the witness did not so understand the question, especially as it does not seem that the contrary was shown by cross-examination. But the majority are of the opinion that the question and answer should have been excluded on the ground that the same involved the conclusion of the witness upon a mixed question of law and fact, the determination of which was exclusively the province of the jury under proper instructions from the court. In order to answer the question intelligently, the witness would be required first to determine in his own mind what would be a reasonable time to be consumed in such a shipment from Abilene to Philadelphia, and then to estimate the damages sustained by reason of the delay beyond the period of time so determined by him. His answer to the question, therefore, necessarily included his conclusion upon the question whether or not the time that was consumed in the shipment was reasonable. This was a question of negligence, and one of the grounds of negligence alleged in plaintiffs' petition, and submitted in the court's charge, together with alleged negligent rough handling as a basis for a recovery. H. & T. Ry. v. Roberts, 101 Tex. 418, 108 S. W. 808; T. & P. v. Jones, 124 S. W. 194; Bryan Press Co. v. H. & T. C. Ry., 110 S. W. 101; Williams v. Livingston, 52 Tex. Civ. App. 275, 113 S. W. 787; St. L. & S. F. Ry. v. May, 53 Tex. Civ. App. 257, 115 S. W. 900; St. L., I. M. & S. Ry. v. Smith, 135 S. W. 597; St. L., I. M. & S. Ry. v. Hurst, 135 S. W. 599; K. C., M. & O. Ry. v. Beckham (No. 7,552) 152 S. W. 228, by this court; K. C., M. & O. Ry. v. Bigham, 138 S. W. 432. Appellees cite the case of K. C., M. & O. Ry. Co. v. West, 149 S. W. 206, as an authority to show that the admission of the question and answer noted above was not error. In that case the question propounded to the witness and discussed in the opinion related to the value of cattle at destination of shipment if they had been "handled with reasonable care, or in the ordinary way." While the Court of Civil Appeals for the Third Supreme Judicial District held that there was no error in admitting the answer to the question, yet from some expressions used in the opinion it would seem that the question was interpreted as meaning no more than an inquiry relative to the market value of the cattle at their destination "if they had been handled in the usual or ordinary way in transit." At all events, we do not think that the decision is necessarily in conflict with our conclusion above noted.

Substantially the same question as that propounded to plaintiff McIntyre was also propounded to plaintiff Hampton, except that the question eliminated all injuries received by the horses in transit, except those occasioned by delay in shipment and rough handling. Appellants urged the same objections to this question and answer thereto as were urged to the one propounded to McIntyre and noted above, and to the action of the court in overruling the objections error has been assigned. For the reasons given already, this assignment is sustained.

[2] Plaintiffs have also prosecuted an appeal from the judgment rendered in favor of the St. Louis, Iron Mountain & Southern Railway Company. By the one and only assignment of error presented by them they insist that the trial court erred in overruling their motion for a new trial as against the railway company last mentioned because the evidence showed without controversy damage to some of the horses at least by reason of delay and rough handling while in transit over the railway of that company. The only evidence cited in plaintiff's brief to support that assignment is the testimony of plaintiff McIntyre, in effect, that after leaving Texarkana on the St. Louis, Iron Mountain & Southern Railway the horses were unloaded at Hoxie on that road, and further: "I noticed that two horses were hurt when we got to Texarkana, and when we got to Hoxie I noticed that two other horses were hurt; that made four in all. They were all hurt more or less." No contention is made that any other evidence was introduced to prove that the horses were roughly handled by the company last named, or that they were unreasonably delayed in transit over the railway of that company notwithstanding the fact that both the plaintiffs accompanied the shipment from Abilene to Texarkana. At all events, it cannot be said that the testimony of McIntyre noted proved conclusively that the Iron Mountain Railway Company unreasonably delayed the shipment or roughly handled the horses. It may be that the injuries discovered by McIntyre at Hoxie were due to causes other than delay and rough handling, such as some inherent vice or natural propensity of the animals. Tex. & Pac. Ry. Co. v. Arnold, 16 Tex. Civ. App. 74, 40 S. W. 829; Martin v. Kansas City, M. & O. Ry., 139 S. W. 615.

For the reasons noted, the judgments against appellants Texas & Pacific Railway Company and the Pennsylvania Railway Company are reversed, and the causes of action asserted against those two companies are remanded for a new trial; and the judgment in favor of the St. Louis, Iron Mountain & Southern Railway Company is affirmed.

CONNER, C. J. I have been unable to concur in the conclusions of the majority, upon which the reversal is predicated, viz., that the questions to and answers of the witnesses McIntyre and Hampton "should have been excluded on the ground that the same involved the conclusions of the witnesses upon a mixed question of law and fact, the determination of which was exclusively the province of the jury under proper instructions from the court." In a case of one of the parties herein, L. D. McIntyre v. T. & P. Ry. Co. et al. (not for publication), determined by us on May 4, 1912, the eighth assignment of error was to the following question: "If that character of stock had been shipped from Abilene, Tex., to Crockett, Tex., and had been transferred with reasonable dispatch by the defendants in this case and had been properly fed and watered while in transit, what would have been in your opinion the reasonable cash market value of the stock at Crockett, Tex., upon their arrival?" The objections urged were "that said question and any answer which said witness might make thereto would involve a mixed question of law and fact, and would be a matter about which said witness was not competent to answer." In disposing of the assignment in an unpublished opinion the writer, the other members of the court not concurring, then expressed the conclusion that "the case of H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808, has no application whatever to the evidence of the witness L. D. McIntyre complained of in the eighth assignment." The same conclusion it appears to me properly obtains here. All of the cases cited by the majority in support of their opinion, save that of T. & P. Ry. Co. v. Jones, 124 S. W. 194, merely follow the Roberts Case, and in the case of Railway v. Jones there was the same misapplication that the majority has made herein. In the Roberts Case the question was: "From your own knowledge and experience as a cattleman and from your own experience in shipping cattle to the territory and vicinity over these roads, having gone with several shipments over the roads that these cattle were shipped, what is a reasonable time within which to transport a train of cattle from Llano to Fairfax when they are transported with ordinary care and diligence?" It seems quite evident that the question sought to elicit the statement of the witness upon one of the very conclusions that was necessary for the jury's determination, and that, therefore, the case of Railway v. Roberts was correctly decided. But not so here as it seems to the writer. The court distinctly submitted to the jury the issue of whether the defendants herein were guilty of negligence in delay and rough handling of the plaintiff's stock during the transportation, and there is ample evidence to sustain the jury's finding upon this issue. The evidence also shows that the witnesses McIntyre and Hampton fully qualified themselves to speak as to the question of values in Philadelphia, the destination of the horses, and no objection or complaint is made in either of these respects, and to my mind the question objected to herein was purely a hypothetical one which by no means seeks to elicit the answer of the witness upon the conclusions embodied in the question, nor did the answer of the witness support or tend to support the conclusion so embodied. That conclusion depended upon other evidence which, as stated, was submitted to the jury in an unobjectionable form. The fact sought by the question here under consideration was the opinion of the witness of the

value of the horses involved in the shipment at the point of their destination in the contingency of their transportation within a reasonable time and without unnecessary injury as the plaintiffs under the law had the right to require, and the answer of the witness went alone to this point. That questions of like character are permissible, see I. & G. N. Ry. Co. v. Mills, 34 Tex. Civ. App. 127, 78 S. W. 11; 1 Wigmore on Evidence, § 673 et seq.; Economy Light & Power Co. v. Sheridan, 200 Ill. 439, 65 N. E. 1070; Smith v. C. & A. R. Co., 119 Mo. 246, 23 S. W. 785.

To be brief, I think the case of K. C., M. & O. Ry. Co. v. West, 149 S. W. 206, referred to by the majority, applies, and that the view therein expressed by Justice Rice on substantially the same point as here presented is correct. In my opinion the judgment should be affirmed as to all parties.