TEXAS & P. RY. CO. v. MAX HAHN PACKING CO. et al.   (No. 7798.)

(Court of Civil Appeals of Texas. Dallas. Oct. 20, 1917.)

1. EVIDENCE ☞471(2) — OPINIONS — MIXED QUESTIONS OF LAW AND FACT.

A question, what would have been the cash market value of cattle if carried "with reasonable dispatch and without rough handling," answered, "6.15 per hundredweight," was not erroneous as a mixed question of law and fact, where the question of reasonable time was not in issue, and just an opinion of an expert cattleman on the matter of damages was wanted.

2. APPEAL AND ERROR ☞1052(5)—HARMLESS ERROR—EVIDENCE.

Where great preponderance of evidence showed that, through carrier's neglect, cattle were injured, and in the sum awarded, it was harmless to admit an answer to a mixed question of law and fact regarding reasonable time of shipment and value, time not being in issue.

3. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—ADMISSION OF SIMILAR IMMATERIAL EVIDENCE WITHOUT OBJECTION.

In an action for damages to cattle while in transit, defendant cannot assign error in the admission of evidence as to what plaintiff paid for the cattle, where substantially the same evidence was admitted without objection.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by the Max Hahn Packing Company against the Texas & Pacific Railway Company. On prayer of defendant, the Ft. Worth Stock Yards Company, Ft. Worth Belt Railway Company, and the Missouri, Kansas & Texas Railway Company were made parties defendant. Judgment against the original defendant alone, and it appeals. Affirmed.

Flippen, Gresham & Freeman and Walter G. Miller, all of Dallas, for appellant. Etheridge, McCormick & Bromberg, of Dallas, and W. L. Evans and Clapps, Cantey, Hanger & Short, all of Ft. Worth, for appellees.

TALBOT, J.   Max Hahn Packing Company sued the appellant, Texas & Pacific Railway Company, and the Missouri, Kansas & Texas Railway Company of Texas, to recover damages alleged to have been sustained by it as the result of injuries inflicted upon certain cattle shipped by appellee over appellant's line of railway from Ft. Worth, Tex., to Dallas, Tex., and thence over the line of the Missouri, Kansas & Texas Railway Company of Texas from the point of its intersection with appellant's road at Dallas to the yards and packing house belonging to appellee situated in the northern part of the said city of Dallas. It is alleged that the cattle were transported in two separate shipments, one made June 1, 1914, consisting of 29 head of cattle, and the other July 8, 1914, consisting of 22 head of cattle; that the defendants in the transportation of each of said shipments of cattle handled them so negligently, roughly, and unskillfully that when they arrived at destination they were in a wounded, bruised, and injured condition, and so reduced in weight and depreciated in quality and value that plaintiff suffered loss thereby in the aggregate sum of $1,149.39.

The defendant Texas & Pacific Railway Company in its amended original answer filed August 3, 1915, denied each and all of the allegations of negligence in plaintiff's petition, and answered, further, that the cattle were delivered to it, the Texas & Pacific Railway Company, by the Ft. Worth Belt Railway Company, who received them in turn from the Ft. Worth Stock Yards Company, at Ft. Worth; and further alleged that, prior to the cattle being received by the Ft. Worth Belt Railway Company, they had been hauled a great distance over various railway lines into the city of Ft. Worth; and asked that the Ft. Worth Stock Yards Company and the Ft. Worth Belt Railway Company be made parties to this suit, and that, if any judgment was rendered against it, the Texas & Pacific Railway Company in turn have judgment over and against the said Ft. Worth Belt Railway Company and the Ft. Worth Stock Yards Company. The Ft. Worth Belt Railway Company and the Ft. Worth Stock Yards Company, answering herein, denied each and every allegation of negligence against them. The defendant Texas & Pacific Railway Company further alleged that it delivered each of said shipments to the Missouri, Kansas & Texas Railway Company of Texas in the same condition in which they

---

were received by the defendant Texas & Pacific Railway Company.

The case was tried in the district court of Dallas county on April 29, 1916, and the trial resulted in an instructed verdict for the Ft. Worth Belt Railway Company and the Ft. Worth Stock Yards Company, and in a verdict, upon the submission of the case as to the plaintiff and the defendants Texas & Pacific Railway Company and Missouri, Kansas & Texas Railway Company, in favor of the last-named company, and in favor of the plaintiff, Max Hahn Packing Company, against the Texas & Pacific Railway Company for the sum of $670.40, with interest. From the judgment against it the Texas & Pacific Railway Company appealed.

[1] The assignments of error relate solely to the admission of testimony. Over the objection of the appellant, the witness Max Hahn was permitted to answer the following question: "Please tell the jury what the actual cash market value of the first shipment of cattle of 29 head that went out on June 1st would have been per hundred pounds had the same been carried with reasonable dispatch and without any rough handling?" The answer of the witness was, "$6.15 per hundredweight." The substance of the objection to this testimony is that the question called for and the answer gave the opinion of the witness on a mixed question of law and fact. The principal cases relied upon by appellant in support of its contention that the admission of the testimony was error are Railway Co. v. Roberts, 101 Tex. 418, 108 S. W. 808, and Railway Co. v. McIntyre & Hampton, 152 S. W. 1103. The first-mentioned case is not, in our opinion, applicable, and the second was decided by a divided court, and, if not distinguishable from the case at bar, we are not inclined to follow it. Obviously, the question in the Roberts Case sought to elicit the opinion of the witness in a matter involving his conclusion upon a mixed question of law and fact, namely, what would be a reasonable time for the transportation of cattle by rail, between certain points, when they are transported with ordinary care and diligence, which, under uniform decisions, was improper. Such was not the purpose and effect, we think, of the question here under consideration. No issue as to what would be a reasonable time for the transportation of appellee's cattle from Ft. Worth to Dallas was submitted to the jury, and hence they were not called upon to decide that question. But the issue of whether the appellant was guilty of negligence in rough handling of appellee's cattle was clearly and distinctly submitted, and the evidence is ample to sustain the jury's finding upon that issue. The evidence is also ample to show that the witness Max Hahn and other witnesses who testified upon the subject fully qualified themselves to speak as to the question of the value of the cattle at Ft. Worth and Dallas, and it is not claimed that they were not. The question objected to by them was, as similarly said by Chief Justice Connor in his dissenting opinion in Railway Co. v. McIntyre & Hampton, supra, a hypothetical one, which by no means seeks to elicit the answer of the witness upon the conclusions embodied in the question. The fact really sought by the question was the opinion of the witness of the value of the cattle involved in the shipment at the point of their destination in the contingency of their transportation without unnecessary injury. The case of Railway Co. v. West, 149 S. W. 206, we think, is applicable. In that case Mr. Justice Rice, speaking for the court upon substantially the same question before us, said:

"It seems to us that an experienced cattleman, who had frequently shipped cattle and who knew the condition of the cattle when shipped, and who was shown to have known their market value at destination, ought to be allowed to give his opinion as to what such market value would be, provided they had been handled with reasonable care or in the ordinary way, and that to allow such an answer would not infringe the rule laid down" in the case of Railway Co. v. Roberts, 101 Tex. 418, 108 S. W. 808.

The same we think may be said in the case before us, and the appellant's first assignment of error raising the question discussed will be overruled.

[2] At all events, the great preponderance of the evidence, if not the undisputed evidence, shows that the cattle were bruised and injured, evidently as the result of rough handling in transportation, to appellee's damage in the sum awarded him, and it is not at all probable that the jury was influenced to the prejudice of appellant by the testimony in question.

The second assignment of error presents the same question as the first, and is disposed of against appellant by what has already been said.

[3] The third and fourth assignments of error are to the effect that the trial court erred in allowing the witnesses Max Hahn and Sam Honeycutt to testify as to the price paid by appellee for the cattle. The objection urged to the admission of this testimony was that it was immaterial and irrelevant. If it should be conceded that this testimony, strictly speaking, was inadmissible, the error was harmless for the reason that substantially the same testimony or testimony of like effect was admitted without objection. A careful examination of the record has convinced us that the matters complained of by appellant are insufficient to require a reversal of the district court's judgment, and it is therefore affirmed.

Affirmed.