## John Davis, Appellee, v. Big Muddy Coal & Iron Company, Appellant.

1. MINES AND MINERS—*failure of mine owner to comply with statute.* Where the owner of a mine knowingly fails to comply with the provisions of the statute providing for the safety of miners, liability for an injury is established on showing that such failure was the proximate cause of the injury.

2. MINES AND MINERS—*proximate cause.* Where a mine owner fails to remedy a dangerous condition of a track as required by statute and it appears that as a result a car was derailed and as a consequence of which and the other conditions existing at the time in that locality, a collision occurred whereby the driver of a second car was injured, the question of proximate cause of the injury is for the jury, and their finding that the failure to comply with the duty imposed by statute was the proximate cause of the injury is supported by such evidence.

3. MINES AND MINERS—*instructions.* Where a mine owner permits a track to remain in a dangerous condition, in violation of a statute, and an injury results because of a collision due to a derailed car, an instruction directing a verdict on proof of certain allegations is not erroneous, because it does not require it to be shown that the wilful violation of the statute caused the car to be off the track, where such instruction does however require that it be shown that such violation was the proximate cause of the injury.

4. MINES AND MINERS—*instructions.* Where an injury is charged in the declaration as due to certain unsafe conditions in a track, an instruction as to the unsafe conditions, existing at the place in question, is not erroneous as not confining them to the unsafe conditions mentioned in the declaration, where from the other instructions and the evidence it appears that "the place in question" was the place referred to in the declarations.

5. NEGLIGENCE—*proximate cause.* An instruction on the proximate cause of an injury need not require that it be shown that defendant should have foreseen that by his act the injury to the plaintiff might naturally follow, where it does require that it be shown that the act was one of the essential causes of the injury, and that without the same the injury would not have happened, that the injury must follow as an unbroken sequence from and on account of the act, and that the injury must have resulted from a combination of causes following in a natural and unbroken line from such act.

6. NEGLIGENCE—*mines and miners.* An instruction to the effect that if a certain derailed car was the proximate cause of an injury

which could not have been foreseen by the defendant, as a result of his act there could be no recovery, is properly modified, so as to require that the derailed car must be found to be the sole and independent cause of the injury in order to find the defendant not guilty.   ·

7. APPEALS AND ERRORS—*harmless error*. Reversible error cannot be assigned on the erroneous admission of evidence where the same does not materially affect the merits of the case.

Appeal from the Circuit Court of Williamson county; the Hon. WILLIAM W. CLEMENS, Judge, presiding. Heard·in this court at the March term, 1912. Affirmed. Opinion filed June 5, 1912. Certiorari denied by Supreme Court (making opinion final).

DENISON & SPILLER, for appellant; MASTIN & SCHER-LOCK, of counsel.

HARTWELL & WHITE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee was severely and permanently injured while working in appellant's mine and brings this suit to recover damages for the injuries so sustained.

The declaration, which consisted of five counts, charged that appellant operated a mine wherein appellee was employed; that on August 27, 1909, he was engaged in driving a mule in a certain entry in said mine; that the railroad tracks and frogs over a certain portion of this entry were uneven, out of line and in a dangerous and unsafe condition, by reason whereof cars driven over the same, were liable to be derailed and thrown from the track; that said entry was dangerous and unsafe for persons driving across and over said track; that appellant wilfully failed to have its mine inspected on said day and to cause a conspicuous mark to be placed at said place of danger; that appellant wilfully permitted appellee to enter the mine on said day to work therein, not under the direction of the mine manager, when the dangerous conditions had not been made safe, in violation of the statute; that defendant wilfully failed to cause all

dangerous places above and below to be properly marked and wilfully failed to prevent appellee from entering said mine, not under the direction of the mine manager until all conditions had been made safe; that there was a wilful failure on the part of the mine manager to visit and examine the various working places for a long time prior to the injury, and to see that all dangerous places were properly marked, and a like failure to display danger signals wherever they were required; that there was a wilful failure on the part of appellant to cause said mine and said entry to be inspected on the day in question, by its mine examiner, and to make, through said mine examiner, a daily record of the conditions of the mine, as he found it, in a book kept for that purpose.

There was a plea of the general issue, followed by a verdict and judgment in favor of appellee, for $2,000.00.

Appellant seeks a reversal of the judgment, alleging as grounds therefor that the evidence discloses the breaches of duty complained of did not constitute the proximate cause of appellee's injuries; that there was reversible error committed in the rulings upon instructions, and that improper and incompetent evidence was admitted on the part of appellee.

Appellant, as shown by the proofs, was at the time in question operating a coal mine near Herrin, Illinois, in which appellee was employed. Sometimes he was engaged in working as a miner, in one of the rooms, mining coal and at other times he drove a mule attached to a car, hauling coal. From the bottom of the shaft, running west, was the main west entry and running south from the same, some distance from the shaft, was the first south entry, and a short distance further on, the second south entry off the main west entry; through all of which there were car tracks. In the second south entry was a parting of sidetrack 125 to 150 feet long. At each end of the parting was a

frog connecting it with the main track. The parting was used for storing empty cars and it was the duty of the drivers to bring the loaded cars to the parting, leave them on the main track and return with empty ones from the sidetrack, an electric motor taking the loaded cars from thence to the shaft and returning them empty to the parting. In the vicinity of the parting there had been a squeeze sometime before the accident, whereby the bottom of the entry had been heaved up and for a distance of some 300 feet the tracks were uneven, out of shape and irregular; one track was higher than the other, the ends of the rails did not come together well, and the heel of the frog at the south end of the parting was from three to five inches higher than its point. On the morning of the day the injury occurred, Ira Meredith, a driver, was passing the place, driving a mule attached to a loaded car, when, by reason of the conditions above referred to, the hind wheel of his car left the track, thereby causing the car to be thrown around and partially across the track, at or a little north of the frog at the south end of the parting. Meredith left the car in this condition and started with his mule back down the entry, and as he went into the first south entry he found appellee with a loaded car, which had also left the track. Meredith helped him to get his car back and informed him he had left his own car off the track at the stub or parting. Appellee told Meredith to go get another car and he would put his car back on the track and for this purpose he put a ''jack'' on his car and started on towards the parting, riding on the front end or bumper of his car. The second south entry inclined downward somewhat from its face to the parting and for some ten or fifteen feet before reaching the south end of the parting the decline was quite sharp. When the mule, which was pulling the car, reached the sharp decline it stepped to one side and the car which appellee was riding went suddenly

against the other car and appellee, being caught between the two, suffered severe and permanent injuries, some of which were of a peculiarly distressing nature.

At the time of the trial, more than two years after he was injured, he was unable to walk and had to have an attendant.

A consideration of the evidence clearly leads directly to the conclusion that a dangerous condition existed in appellant's mine, at the place in question, and that appellant, knowing the danger, had wholly failed to comply with the provisions of the statute providing for the safety of miners, and set forth in the declaration. Under such conditions, it is only necessary, in order to fix liability upon the defendant, to determine whether or not such dangerous conditions constituted the proximate cause of appellee's injuries. Appellant insists that the peremptory instructions offered by it should have been given and a verdict by virtue thereof, should have been rendered in its favor, for the reason that the injuries did not result naturally and reasonably from the failure of appellant to comply with the statute, but that they were brought about by the act of Meredith in leaving his car off the track at the place of danger without any light or other danger signals; that the act of Meredith intervened between the omission of statutory duty on the part of appellant and the injury to appellee, and that such act was itself the proximate cause of the injury.

Appellant relies upon the doctrine laid down in Seith v. Com. Elec. Co., 241 Ill. 252, that "If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent and the existence of the condition is not the proximate cause of the injury. Where the intervening cause is set in operation by the original negligence, such negligence is still the proximate cause, and where the circumstances are such that the injurious consequences might

have been foreseen as likely to result from the first negligent act or omission, the act of the third person will not excuse the first wrongdoer. When the act of a third person intervenes which is not a consequence of the first wrongful act or omission and which could not have been foreseen by the exercise of reasonable diligence and without which the injurious consequence could not have happened, the first act or omission is not the proximate cause of the injury."

Appellee, while insisting that the facts in this case show a right of recovery, under the above rule, also relies upon the rule as laid down in Waschow v. Kelly Coal Co., 245 Ill. 516, where it is said, "When an injury proceeds from two causes operating together, the party putting in motion one of them is liable the same as though it was the sole cause. The negligent act or omission must be one of the essential causes producing the injury but need not be the sole cause nor the last or nearest cause. 'It is sufficient if it concurs with the other cause acting at the same time, which in combination with it causes the injury.' Furthermore, what is the proximate cause is ordinarily a question of fact, to be considered by the jury from all the attending circumstances."

The briefs in this case on both sides are quite voluminous. Appellant quotes at length from numerous authorities to sustain his position and appellee, in like manner, quotes from a large number of authorities in support of his position. As a matter of fact, the authorities relied upon, a great majority of which are cases decided by the courts of appellate jurisdiction of this state, are not in the least conflicting, but are entirely harmonious. There is no substantial difference of opinion as to the rules for determining whether a negligent act or omission constituted the proximate cause of an injury, but the difficulty is to apply the law to the particular facts of the case. In this case defendant had allowed the dangerous condition to exist in its mine and had wilfully failed to

do those things required by the statute for the protection of its employes. As one of the circumstances resulting from the negligent act of appellant, Meredith's car was derailed and as a consequence of that derailment, and the other conditions existing at the time in that locality, the collision between the cars occurred and appellee was injured.

Whether under the circumstances the wilful failure of appellant to comply with the statute was the proximate cause of appellee's injuries was evidently a question of fact for the jury, and the proofs indicate no reason why their decision of that question should be disturbed.

Sixteen instructions were given on the part of appellee, and eighteen on the part of appellant as offered, while five more offered by appellant were given as modified by the court and four others refused. The first instruction given for appellees was very long, somewhat intricate and told the jury what it was necessary for appellee to prove by a preponderance of the evidence to entitle him to recover. Counsel for appellant complain of this instruction because, as they say, the physical thing that caused the injury was the fact of the car being off the track, while the instruction directed a verdict on proof of certain allegations without requiring it to be shown that "the wilful violation charged caused the car to be off the track." An examination of the instruction, however, shows that it required in set terms that the jury should find that "the wilful violation of the statute by the defendant company, if any, was the proximate cause of the plaintiff's injury." It was not necessary that the jury should be instructed that to entitle appellee to recover they should find the existence of every one of the incidents which occurred in the course of the circumstances leading up to the injury, but it was sufficient that they should find that appellant wilfully violated the statute, and that such violation was the proximate

cause of the injury, and the instruction was sufficiently broad to cover this requirement.

Appellee's instruction No. 8 is said to be erroneous for the reason that it does not confine the dangerous and unsafe conditions, the existence of which were required to be found as a prerequisite to the right of recovery, to the dangerous and unsafe conditions charged in the declaration. It does however confine them to the dangerous conditions existing "at the place in question" and the place in question was plainly shown by all the instructions as well as the evidence in the case, to be the place referred to in the declaration, so that the jury could not have been misled as to the place or conditions which were the subject of the controversy.

Appellant further claims that appellee's given instructions 3, 6, 12, 13 and 16 had one common error and were vitally wrong because each left out of consideration the essential proposition as to whether or not appellant should have foreseen that by its alleged wilful violation the injury to appellee might naturally follow. While these instructions did not directly contain the proposition claimed by appellant to be essential, yet they did state the rule to be that to entitle appellee to recover, it must be shown that the wilful act on the part of appellant was one of the essential causes of the appellee's injury, and that without the same the injury would not have happened; that the injury must follow as an unbroken sequence from and on account of the wilful violation of the statute by appellant, and that the injury must have resulted from a combination of causes following in a natural and unbroken line from such wilful violation.

In Heiting v. C. R. & P. Ry. Co., 252 Ill. 466, it is said: "It is not however essential to make a negligent act the proximate cause of an injury, that the particular injurious consequences and the precise manner of their infliction could reasonably have been foreseen.

If the consequences follow in unbroken sequence from the wrong to the injury, without any intervening efficient cause, it is sufficient if at the time of the negligence the wrongdoer might by the exercise of ordinary care have foreseen that some injury might result from the negligence." This statement of the law seems to us, under the circumstances shown to exist in this case, to dispose of appellant's objection to the several instructions last named.

In appellant's instructions, which were modified by the court, the jury were told that if they found that the leaving of the car in the entry by Meredith was the efficient or proximate cause of appellee's injury, or if it was something extraordinary, which could not have reasonably been foreseen by appellant, then they should find it not guilty. These instructions were modified by the court so as to require them to find that this act of Meredith's was the sole and independent cause of appellee's injury before appellant would be entitled to a verdict of not guilty. In view of the law as above indicated, the modification made by the court was wholly proper and in accordance with the true rule of law.

The four instructions, which were offered by appellant and refused by the court, were either in conflict with the correct rules of law applicable to the case as above indicated, or were fully covered by instructions given for appellant. The instructions given on behalf of appellee were so unnecessarily numerous, and many of them so unreasonably lengthy and intricate, that it could not reasonably be expected they would be wholly free from inaccuracies, but while inaccuracies do appear in appellee's instructions, yet they were not of sufficient importance to constitute material error and the instructions in the case, as a whole, appear to us to correctly inform the jury as to the rules of law governing the case.

Appellant further insists that the court erred in ad-

mitting improper evidence on behalf of appellee over the objections of appellant. Some of this evidence, such as that which tended to show that appellee was guilty of no contributory negligence, was immaterial and might well have been excluded. But an examination of all the evidence complained of as having been wrongfully admitted shows that it was of no great importance and could not have materially affected the merits of the case.

The judgment of the court below will be affirmed.

*Judgment affirmed.*